## Matter of the petition of HENRY BAINBRIDGE and others, executors, &c.

Where a plaintiff is under a stay of proceedings, at the time of his death, such stay does not affect his representatives, so as to prevent a motion by them to revive and continue the action.

And unless such motion be made within a year, as required by § 121 of the Code, it will be barred.

APPEAL by the defendants in an action brought by Richard Bainbridge, now deceased, in his lifetime, against Charles F. Livermore and others, from an order made at a Special Term, granting a motion made by Henry Bainbridge and another, executors of said Richard Bainbridge, for leave to revive and continue the action, &c.

The action in question was commenced in November, 1864, to recover damages for the alleged illegal sale of the plaintiff's stocks, gold and other securities. In an action commenced the year previous, by Livermore and his associates, against said Richard Bainbridge, the latter, in his answer, set up as a defence, that the plaintiff had wrongfully sold his stocks. That action was referred. When this action came on to be tried, at the circuit, before a jury, on the 18th of March, 1870, Livermore & Co. applied to the court for a stay of proceed-

ings, on the ground that all the issues embraced in both actions could be tried in one ; and that the defendant Bainbridge, if entitled to affirmative relief, could have it as a defendant, as well as if he were a plaintiff. An order was thereupon entered staying all proceedings in this action till the other should be tried.

The case was tried, and resulted in a long contest, in which the other side tried, first, to prevent Bainbridge · from obtaining affirmative relief, on questions of pleading, and then, upon his death, contested the right of the petitioners to revive that action. (*See Livermore* v. *Bainbridge*, 49 *N. Y.*, 125.) In that action the executors of Bainbridge obtained a judgment for $120,000 ; which judgment was set aside, by an order made at a Special Term.

Richard Bainbridge died on the 23d of July, 1871. The proceedings in the action in which he was defendant, and Livermore, Clews & Co. plaintiffs, were not terminated until the summer of 1874. During all this time the proceedings in this action were stayed by the order of March 18, 1870.

This application was made to the court to vacate the stay of proceedings, and for leave to the petitioners, the executors of the will of said Richard Bainbridge, deceased, to continue the action, and for other incidental relief.

*E. P. Wheeler*, for the appellant.

*Robert Sewell*, for the respondents.

*By the Court*, BRADY, J. The application to revive the action commenced by Richard Bainbridge against Charles F. Livermore and others, on account of the death of the plaintiff, was not made for several years after the death occurred. The plaintiff was under a

stay of proceedings, it is true, but that stay did not affect his representatives.

The revival of the action was not a proceeding contemplated by, or embraced in, the stay. It cannot be regarded as a proceeding other than to prevent the abatement of the action. It is one of the modes provided for that purpose. The authorities are a unit on the necessity of making the motion to revive within the year, under section 121 of the Code. (*Allen* v. *Walter*, 10 *Abb.*, 379. *Matter of Bornsdorff* v. *Lord*, 41 *Barb.*, 211. *Coon* v. *Knapp*, 13 *How.*, 175. *Gordon* v. *Sterling*, *Id.*, 405. *Greene* v. *Bates*, 7 *How.*, 296.) The stay, for the reason assigned, did not prevent the running of the time. Indeed the running of the time against the personal representatives is a reason why the stay should not be regarded as affecting their remedy to have the action revived. The petitioners' course is by supplemental complaint.

The order made must be reversed, therefore, with $10 costs and disbursements to abide event.(*a*)

Order reversed.

(*a*) *S. C.*, reported briefly, 4 *Hun*, 674.