## Case No. 4,396.

### ELLIOTT v. TEAL.

[5 Sawy. 249;[1] 6 Reporter, 772; 11 Chi. Leg. News, 74.]

Circuit Court, D. Oregon. Aug. 30, 1878.

Addison C. Gibbs, for plaintiff.

H. Y. Thompson and George H. Durham, for defendant.

DEADY, District Judge. This action is brought to recover the south half of the donation of William J. and Violet W. Berry, the same being the wife's half of claim No. 52, in township ten south, range five west, of the Wallamet meridian, and containing three hundred and nineteen and ninety one hundredths acres. The defendant, Teal, answered, denying the ownership of the plaintiff, or her right to the possession of the premises, and alleging title in himself.

The cause was tried by the court without the intervention of a jury, upon the following agreed state of facts: The plaintiff is a citizen of California, and the defendant a citizen of Oregon, and the premises in controversy are worth more than five thousand dollars; that said premises are the wife's half of the donation of the married persons, William J. and Violet W. Berry, for which a patent issued to them for their respective shares thereof, on October 8, 1866; that said William J. and Violet W. were duly divorced on August 9, 1865, and the plaintiff herein is the same person then so divorced, and known as Violet W. Berry, and that the said William J. Berry is still alive; that on December 14, 1854, the plaintiff executed a

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

power of attorney to William J. Berry, aforesaid, authorizing and empowering him to sell and convey the premises in controversy; that on February 5, 1855, said William J., in consideration of the sum of two thousand dollars, for himself, and as the agent in fact of the plaintiff, executed a conveyance of the said premises to Henry Fuller; that on July 22, 1855, the plaintiff, in consideration of the sum of fourteen hundred dollars, also executed a conveyance of the premises to said Fuller, and that the defendant, by means of sufficient conveyances, has succeeded to all the rights in the premises that said Fuller acquired by the two conveyances aforesaid. The plaintiff bases her right to recover the possession of the premises upon the ground that both the power of December 14, 1854, and the conveyance of July 22, 1855, executed by her, were contrary to law, and therefore void.

At common law, a married woman could not dispose of her freehold, except by some matter of record, as a fine and recovery. 1 Bl. Comm. 293; 2 Kent, Comm. 150; Bish. Mar. Wom. § 586; Washb. Real Prop. 581; Wythe v. Smith [Case No. 18,122]; Mott v. Smith, 16 Cal. 533; Dow v. Gould & C. S. M. Co., 31 Cal. 644.

It follows, then, that the separate conveyance of the premises by the plaintiff, during her coverture with Berry, is void, unless specially authorized by statute. The only statute of Oregon upon this subject is the "act relating to alienation by deed," etc., of January 13, 1854 (Laws Or. 515), the second section of which provides that the real property of the wife may be conveyed by the joint deed of the husband and wife. The deed of the wife, unless her husband assents to it, by joining in the execution of it, by becoming a party to it, is therefore unauthorized, and void; and so the conveyance of July 22, 1855, being the separate deed of the plaintiff, and not the joint one of herself and husband, was made without authority of law, and is therefore void, and of no effect.

The power of attorney to her then husband, Berry, is also void, because unauthorized by statute. In Mott v. Smith, supra, it was held that a married woman cannot invest another with power to sell her interest in real property without a statute to that effect; and Mr. Chief Justice Field, delivering the opinion of the court, gives the reason for the conclusion as follows: "To the efficacy of a conveyance by a married woman, it is essential that she join with her husband in its execution, and state, on a private examination at the time, separate and apart from him, and without his hearing, that she executed the same freely, without fear of him or compulsion, or under influence from him, and that she does not wish to retract its execution. This private examination, this determination of the will as to the retraction of the execution, are not matters which can be delegated to another." See, also, 1 Washb. Real Prop. 564; Dow v. Gould & C. S. M. Co., supra. The power and separate conveyance of the plaintiff being mere nullities, the plaintiff's interest in the premises is unaffected by them. Notwithstanding them, she is still the owner of the premises and entitled to the possession of the same.

But by the conveyance of February 5, 1855, Berry, the then husband of the plaintiff, conveyed all his interest in the premises to the defendant's grantor. Although this conveyance, so far as it purported to be the deed of the plaintiff, was void, yet so far as it was the deed of Berry in his individual capacity it was valid and operated to pass any interest which he then had in the land. This interest was an estate for his own life. By the common law upon the marriage of a man with a woman seised of an estate of inheritance he becomes seised of the freehold jure uxoris during their joint lives, and if he has issue by her born alive, then for his own life absolutely, in which latter case, if he survive the wife, he is styled tenant by the curtesy. 1 Bl. Comm. 126; 2 Kent, Comm. 108; Bish. Mar. Wom. § 529; Starr v. Hamilton [Case No. 13,314]; Wythe v. Smith, supra; Jackson v. Stevens, 16 Johns. 116. But by section 30 of the act of January 16, 1854, relating to estates by dowry and curtesy (Laws Or. 588), it is provided, that upon the death of the wife, the husband shall be tenant by the curtesy, whether they had issue born alive or not. So that in any event Berry, at the date of his conveyance to Fuller, by virtue of the common law and the statute, had an estate for his own life in the premises, which passed thereby to Fuller and is now vested in his grantee, the defendant.

The plaintiff is not entitled to the possession of the premises during the existence of the particular estate cast upon the husband, Berry, by the marriage. Her interest in the property is the estate in reversion after the termination of the freehold vested in the defendant, and therefore she can not maintain this action. She was not at the commencement of this action and is not now entitled to the possession of the premises. There must be a finding for the defendant accordingly.