Argued 19 December, 1898; decided 30 January, 1899.

## LONG *v.* THOMPSON.

[55 Pac. 978.]

1. ABATEMENT OF APPEAL BY DEATH OF PARTY—SUBSTITUTION.—Death of a party pending appeal does not abate the appeal, notwithstanding no application for a substitution was made within a year, as required by Section 38, Hill's Ann. Laws, the statute not applying where death occurs after an appeal has been perfected.

2. JUSTICE OF THE PEACE—VACATING JUDGMENT.—An error of a justice of the peace in requiring plaintiff to give an additional undertaking for costs and disbursements, after he had already made a deposit for that purpose, is not a sufficient ground for vacating by writ of review the justice's judgment rendered after a trial on the merits.

3. PLEADING—WAIVER OF OBJECTION—REVIEW.—Where trial was had in a justice's court, without objection, on an answer purporting to deny the material allegations of the complaint, it cannot be afterwards urged on writ of review that the answer was insufficient: *Minard* v. *McBee*, 29 Or. 225, cited.

4. REVIEW OF JUDGMENT OF JUSTICE'S COURT.—The neglect of a justice of the peace to pass upon objections made by a party to a cost bill affords no ground for vacating and setting aside the justice's judgment upon a writ of review.

5. Effect of Instructing the Jury in Justice's Court.—The assumption
   by a justice of the peace of the right to instruct the jury in a case on trial
   before him, even if unauthorized, does not affect his jurisdiction, nor afford
   sufficient ground for disturbing his judgment on a writ of review.

From Douglas :    J. C. Fullerton, Judge.

Writ to review a judgment of a justice of the peace.
The circuit court quashed the judgment, and the defend-
ant appealed.

Reversed.

For appellant there was a brief over the name of
*E. D. Stratford,* with an oral argument by *Messrs. An-
drew M. Crawford* and *O. P. Coshow.*

For respondent there was a brief over the name of
*L. Loughary,* with an oral argument by *Messrs. Byron &
Long,* and *S. T. Richardson.*

Mr. Justice Bean delivered the opinion.

This is an appeal from a judgment vacating and an-
nulling, on writ of review, a judgment of a justice's
court.    The facts, as disclosed by the return to the writ,
are that on June 22, 1895, the respondent, John Long,
commenced an action against the appellant, L. T.
Thompson, in the Justice's Court for Calapooia Pre-
cinct, Douglas County, to recover possession of certain
described personal property of the alleged value of $12,
by filing a complaint therein, and causing a summons
to be issued thereon.    At the hour fixed for the return
of the summons, plaintiff, Long, as the justice's docket
discloses, deposited with the court $50 in money "as
costs for court and officers " in such action, and there-
after, and before the filing of the answer, on the appli-
cation of the defendant, Thompson, the justice made an

order requiring the plaintiff to give an undertaking in the sum of $50 for costs and disbursements of the action, as provided in Section 2062, Hill's Ann. Laws, which was done accordingly.   An answer was then filed, and a trial had before a jury, resulting in a verdict and judgment in favor of defendant, whereupon he filed a bill for his costs and disbursements amounting to $215.95. Objections were subsequently filed to two or three small items included therein, but the entire amount appears to have been allowed by the justice, and a judgment entered therefor.   This proceeding was thereupon instituted, which resulted in a judgment vacating and setting aside the judgment and proceedings of the justice's court.

1.   After an appeal to this court had been taken, and pending the determination thereof, the plaintiff died, and it is now contended that, as no application for a substitution was made within a year after his death, the appeal abated, and ought to be dismissed.  This argument is based on Section 38 of the Code of Civil Procedure, which provides that no action shall abate by the death, marriage, or other disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue, but the court may, at any time within one year thereafter, on motion, allow the action to be continued by or against his personal representative or successor in interest.   Under this section the motion for a substitution must be made within a year after the death (*Dick* v. *Kendall*, 6 Or. 166 ;   *Barker* v. *Ladd*, 3 Sawy. 44, Fed. Cas. No. 990 ; *In re Bainbridge*, 67 Barb. 293), but it is believed that the statute does not apply to parties whose death occurs after an appeal has been perfected.   There is a material distinction at common law between the death of parties before and after an appeal has been taken and while it is pending.  In the

former case, as a general rule, the action abated, and it therefore required the aid of some statute like our section 38 to enable it to be continued by or against the personal representatives of deceased parties. But in cases of appeals or writs of error from judgments already rendered a different rule prevailed, and in no case did such appeal or writ of error abate by the death of the sole respondent or defendant in error, whether it happened before or after the cause had been submitted, if the cause of action survived. In such case, if the personal representatives of the respondent failed to obtain an order of substitution, the appellant was entitled to have them made parties by a proper proceeding. Such is the doctrine of the approved common law authorities (2 Tidd, Prac. *1163; *Green* v. *Watkins*, 19 U. S. (6 Wheat.) 260; *Hutchcroft's Executor* v. *Gentry*, 2 J. J. Marsh, 499; *Carroll* v. *Bowie*, 7 Gill, 34); and it is believed this rule is not changed by our statute (*Prior* v. *Kiso*, 96 Mo. 315, 9 S. W. 898). So that, notwithstanding the death of the respondent, Long, pending the determination of this appeal, the case is still here, and the appellant is entitled to have his representative substituted therefor. And this brings us to the merits of the appeal.

The alleged errors, as assigned in the petition for the writ of review, are: (1) The action of the justice in requiring the plaintiff to give an additional undertaking for costs and disbursements after he had already deposited $50 for that purpose; (2) in not rendering judgment in favor of plaintiff on account of the insufficiency of the answer; (3) in assuming to instruct the jury as to the law by which they should be governed in arriving at their verdict; and (4) in not passing upon or determining the objections made by the plaintiff to the cost bill.

2.   It is perhaps a sufficient answer to the first objection to say that the record does not show that the undertaking for costs and disbursements was in addition to a deposit of $50 for the same purpose.   The minutes of the justice's docket recite that the $50 were deposited by the plaintiff "as costs for court and officers;" but whether made voluntarily, or on the application of the defendant, or upon the court's own motion, does not appear.   But, be that as it may, it would not furnish sufficient grounds for vacating the judgment of the justice's court rendered after a trial of the issues between the parties, even if the court had erred in requiring the plaintiff to give two separate undertakings for costs and disbursements in the action.

3.   The second objection is also without merit.   The answer in the justice's court purports to deny the material allegations of the complaint, and a trial was had thereon before a jury, without objection, on the theory that it presented an issue; and whether it is technically sufficient for that purpose is, therefore, not at all material at this time : *Minard* v. *McBee*, 29 Or. 225 (44 Pac. 491).

4.   So, also, with reference to the alleged neglect of the justice to pass upon some objections made by the plaintiff to the cost bill.   As to what disposition was made of such objections the record of the justice's court is silent, unless the fact that the costs were allowed to the full amount claimed is an indication that they were overruled or withdrawn.   But, however this may be, it affords no reason for vacating and setting aside the judgment of the justice's court.

5.   It is unnecessary to enter upon a consideration of the question as to whether a justice of the peace, under our statute, is authorized to instruct the jury in a case on trial before him, because, at most, his assuming to

do so was but an irregularity, which did not affect the jurisdiction of the court, nor afford sufficient ground for disturbing the judgment on a writ of review.

It follows from these views that the court below was in error in vacating and annulling the judgment of the justice's court, and that the motion for the substitution as respondents of the personal representatives of Long must be allowed, the judgment reversed, and the cause remanded, with instructions to dismiss the writ.

REVERSED.