[Sac. No. 754.   Department One.—March 31, 1900.]

E. L. EMERSON et al., Appellants, v. R. S. McWHIRTER et al., Respondents.

ACTION TO QUIET TITLE—TRANSFER OF INTEREST AFTER JUDGMENT—SUBSTITUTION OF PARTIES—CONSTRUCTION OF CODE.—After the rights of the parties in an action to quiet title have been finally ascertained and determined, and judgment thereon entered, a transferee of the interest of the successful party takes the same subject to the judgment and with all of its protection; and the provision of section 385 of the Code of Civil Procedure, allowing the transferee of a cause of action to be substituted in the action, is inapplicable. That section relates to a transfer of interest made before the entry of judgment in the action.

ID.—PERMISSIVE STATUTE—DISCRETION.—The provision of section 385 of the Code of Civil Procedure that "the court may allow the person to whom the transfer is made to be substituted in the action or proceeding" is permissive; and the discretion of the court in making the order is to be exercised in view of all the circumstances attending the application.

ID.—SUBSTITUTION UPON APPEAL—IDENTITY OF ATTORNEY—DENIAL OF MOTION.—Where the assignee of the successful party, who had purchased his interest after judgment, moved to be substituted in his stead upon appeal, and the motion showed that the attorney for the respondent was the attorney both for the original

party and for the party moving for the substitution, there is
no occasion for making the order, and the motion should be
denied.

MOTION to allow substitution of transferee of respondent
upon appeal from a judgment of the Superior Court of Tuol-
umne County and from an order denying a new trial. G.
W. Nicol, Judge.

The facts are stated in the opinion of the court.

Crittenden Hampton, and J. P. O'Brien, for Appellants.

F. W. Street, and W. C. Kennedy, for Respondents.

THE COURT.—In an action brought by the plaintiffs to
have their title to certain mining property quieted as against
defendant McWhirter, judgment was rendered in favor of Mc-
Whirter, declaring him to be the owner and entitled to the pos-
session of the ground, and forever enjoining the plaintiff from
asserting any title thereto. This judgment was entered May
4, 1899, and on May 9th, McWhirter's title to the ground be-
came vested in the Yosemite Gold Mining Company (a corpora-
tion) by a conveyance from him. Proceedings in the superior
court were thereafter continued between the original parties.
The plaintiffs moved for a new trial, and, their motion having
been denied September 8th, an appeal was taken by them on
the same day from this order and from the judgment, and the
record has been filed in this court. A motion is now made by
the corporation to be substituted "as party defendant in the
place and stead of McWhirter."

The provision of section 385 of the Code of Civil Procedure,
that in case of any transfer of interest in a cause of action, the
action may be continued in the name of the original party,
"or the court may allow the person to whom the transfer is
made to be substituted in the action or proceeding," has refer-
ence to a transfer of interest before the entry of judgment in
the action. After the rights of the parties to the action have
been finally determined and the judgment thereon entered,
others succeeding to their interests in the property affected by
the action take the same subject to the judgment and with all
its protection.

The provision in the section is permissive, and the discretion of the court in making the order is to be exercised in view of all the circumstances attending the application. In the present case, as the corporation and McWhirter are represented by the same attorney—the motion for the substitution and the admission of its service being both signed by him—there would seem to be no occasion for making the order, as the rights of each, both for himself and as against the other, can be adequately protected.

The motion is denied.