Argued 13 October, decided 31 October, 1904, rehearing denied.

## CULVER *v.* RANDLE.

[78 Pac. 394.]

APPEAL — NECESSARY INTEREST OF APPELLANT — SUBSTITUTION.

1. In view of Section 38, B. & C. Comp., providing that no action shall abate by the death or disability of a party, or by transfer of any interest, if the cause of action survive or continue, and that, in case of death or other disability, the court may within a year allow the action to be continued by or against the personal representatives or successor in interest, a change of the interest of a party after judgment does not affect a pending appeal, and no substitution is necessary.

SATISFACTION OF JUDGMENT — EFFECT OF ON APPEAL.*

2. Before a satisfaction of a judgment can operate as an abandonment of an appeal it must clearly appear that the compliance with the final order was voluntary.

BILL OF SALE AS MORTGAGE — REPLEVIN — ALLEGATIONS AND PROOFS.

3. In replevin for chattels in which plaintiff claims an interest under a mortgage, the conditions of which have been broken, proof of such facts may be made under an allegation of absolute ownership.

BILL OF SALE AS MORTGAGE — FORM OF EXECUTION.

4. Under the provisions of Section 5630, B. & C. Comp., requiring that instruments intended to operate as chattel mortgages "shall" be executed, witnessed, and acknowledged as conveyances of real property, such instruments must be so acknowledged or they are defective.

AMBIGUOUS INSTRUCTION.

5. An instruction that, if the instrument under which plaintiff claimed was intended as a mortgage, the jury should so find, was not fatally ambiguous by reason of the fact that it was impossible to say whether they were required to make a special finding, or whether they should find for plaintiff or defendant.

REPLEVIN AGAINST SHERIFF — EFFECT OF APPLICATION OF THE PROPERTY TO PAYMENT OF THE CLAIM ASSERTED BY THE SHERIFF.

6. An officer seizing property under a writ can assert only the right to apply it to the payment of the claim on which the writ is based, and if that has been accomplished by another proceeding, the officer is not entitled to further possession. If he has been sued for it in replevin, he is entitled to only costs if he wins after the property has been so applied.

From Josephine: HIERO K. HANNA, Judge.

Statement by MR. CHIEF JUSTICE MOORE.

This action was instituted in the county court of Josephine County by Alice H. Culver against John Randle

---

*NOTE — As to the effect on the appeal of a satisfaction of the judgment by accepting the benefit thereof see *Portland Const. Co.* v. *O'Neill*, 24 Or. 54; *Bush* v. *Mitchell*, 23 Or. 92; *Jacksonville School Dist.* v. *Crowell*, 33 Or. 11; *Stemmer* v. *Scottish Ins. Co.* 33 Or. 66, 85; *Moores* v. *Moores*, 36 Or. 261, 264; *Merriam* v. *Victory Min. Co.* 37 Or. 321, 324; *New Zealand Ins. Co.* v. *Smith*, 41 Or. 466, 467.

REPORTER.

to recover possession of certain household goods, furniture, crockery and glassware, table linen, etc., or the sum of $325, the alleged value thereof, in case possession could not be secured, the complaint being in the usual form. The answer denied the material allegations of the complaint, and averred that on December 1, 1902, one C. F. Lamson was the owner and in possession of such property, and, being indebted to H. C. Bobzien, the latter commenced an action against him in the justice's court of Grants Pass District to recover $117.31, the sum so due, and a writ of attachment having been issued therein, the defendant, as constable, in pursuance thereof, seized the goods in question as the property of Lamson. For a further defense, it is alleged that prior to such seizure Lamson executed a bill of sale of the goods to plaintiff herein, but the pretended transfer was without consideration, and made with intent to delay and defraud his creditors, and that after executing the instrument, and until the goods were so seized, he was in possession and had full control thereof. The reply denied the allegations of new matter in the answer, and averred that on November 26, 1902, Lamson was indebted to plaintiff in the sum of $500, in part payment of which he sold and delivered to her the personal property in controversy for $325, which sum she credited on his account; taking and holding exclusive possession of the property until December 1, 1902, when it was seized by the defendant. A trial was had in the county court and a judgment rendered for plaintiff January 2, 1903, as prayed for in her complaint, from which the defendant on the following day appealed to the circuit court for that county. Prior to the trial of the cause, however, plaintiff filed in the latter court a supplemental complaint, alleging that she caused an execution to be issued on her judgment, in pursuance of which the sheriff of such county on January 3, 1903, took the

property in question from defendant and delivered it to her; that thereafter, but on the same day, Bobzien, who had secured a judgment in the justice's court against Lamson, caused an execution to be issued thereon, in obedience to which Ernest Lister, a deputy sheriff, assisted by Bobzien and others, immediately took such property, by breaking and entering the premises where it was held by her, carried it away, and converted it to their own use; that on January 3, 1903, she commenced an action in the circuit court for that county against Lister, Bobzien, and others, to recover damages resulting from their trespass, which cause was then pending—and praying that the defendant's appeal be dismissed. The answer to such complaint, after denying the material allegations thereof, avers that on January 3, 1903, Lister, by virtue of plaintiff's execution, took the property from defendant, and that, since the supplemental complaint was filed, plaintiff's action against Lister and others had been tried, and judgment rendered therein in her favor. The plaintiff's counsel thereupon moved the court for judgment on the pleadings on the ground that the answer to the supplemental complaint did not constitute a defense, and also disclosed that she was entitled to the relief demanded. The motion was overruled, and, the appeal having been tried, judgment was rendered for the defendant herein, to the effect that he recover from plaintiff the property described in the complaint, or the sum of $325, the value thereof, and she appeals to this court.        REVERSED.

For appellant there was an oral argument by *Mr. Harry D. Norton*, with a brief to this effect.

When the principals, Bobzien and Thomas, abandoned their defense of justification set up by the constable under the writ of attachment issued out of the justice court by holding under a writ of execution thereafter issued against

the same property, the grounds of their defense ceased and terminated, and they had no standing in the circuit court upon the appeal, which necessarily also ended the rights of Constable Randle, who was only their agent: *State* v. *Martin*, 30 Or. 108 (47 Pac. 196); *Robinson* v. *Carlon*, 34 Or. 319 (55 Pac. 959); *Moores* v. *Moores*, 36 Or. 261 (59 Pac. 327); *State* v. *Grand Jury*, 37 Or. 542 (62 Pac. 208); *Flanagan Bank* v. *Graham*, 42 Or. 403 (71 Pac. 137, 790); *In re Woodworth*, 64 Hun, 522; *Hodgeman* v. *Barker*, 16 N. Y. Supp. 76; *People* v. *Troy*, 82 N. Y. 575; *Pelham* v. *Rose*, 76 U. S. 103; *Hoskins* v. *McGirl*, 12 Mont. 246; *Wilson* v. *Russell*, 40 Iowa, 697; *Hazen* v. *Concord R.* 63 N. H. 390; *Hice* v. *Orr*, 16 Wash. 163; *State* v. *Meacham*, 17 Wash. 429; *Lynde* v. *Dibbie*, 19 Wash. 330; *In re Kaeppler*, 7 N. D. 309; *State* v. *Sloan*, 69 N. C. 128; *State* v. *Richmond*, 74 N. C. 287; *Russell* v. *Campbell*, 112 N. C. 404; *Bradley* v. *Ewart*, 18 W. Va. 598; *Williams* v. *Tyler*, 17 S. W. 276; *State* v. *Loomis*, 29 S. W. 415.

For respondent there was a brief over the name of *Robert Glenn Smith*.

MR. CHIEF JUSTICE MOORE delivered the opinion.

1. It is contended by plaintiff's counsel that the property in question having been taken from their client January 3, 1903, by Lister, his seizure thereof deprived defendant of all right thereto, including his interest in the appeal, in refusing to dismiss which the trial court erred. It is argued that Bobzien was the principal, and the defendant and Lister were his respective agents; that the selection of the latter to enforce the writ of execution discharged the former, deprived him of all right to recover the possession of the property or the value thereof; and that, in failing to substitute Lister as a party, the appeal should have been dismissed.

Our statute prescribing the parties entitled to continue the prosecution or defense of causes is as follows: "No action shall abate by the death, marriage, or other disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In the case of the death, marriage, or other disability of a party, the court may, at any time within one year thereafter, on motion, allow the action to be continued by or against his personal representatives or successor in interest": B. & C. Comp. § 38. In construing this section, DEADY, J., in *Elliott* v. *Teal*, 5 Sawy. 249 (Fed. Cas. No. 4396), held that it abolished the common-law rule that an action abated by the termination or transfer of the plaintiff's interest in the subject-matter *pendente lite*, and that the suit, having been commenced by the real party in interest, might be prosecuted to final judgment in his own name, notwithstanding a transfer of his interest therein pending the litigation. In referring to that case in *Merriam* v. *Victory Min. Co.* 37 Or. 321 (56 Pac. 75, 58 Pac. 37, 60 Pac. 997), it was intimated that the right of an assignee of the subject-matter of an action to be substituted as a party during the litigation was doubtful. In *Long* v. *Thompson*, 34 Or. 359 (55 Pac. 978), it was held that the death of a party pending a review of the proceedings did not abate the appeal, notwithstanding an application for a substitution was not made within the time prescribed. In California, under a statute providing that, in case of any transfer of interest in a cause, the action may be continued in the name of the original party, or "the court may allow the person to whom the transfer is made to be substituted in the action or proceeding," it was ruled that the assignment mentioned, which necessitated a substitution of a party, related to a change of interest in the subject-matter made before the entry of the judgment in the action: *Emerson* v. *McWhirter*, 128 Cal. 268 (60 Pac. 774).

In those states in which the rule prevails that an appealable interest must exist at the time the appeal is taken, it is generally held that, if a party disposes of all his interest in the subject-matter before seeking to review the judgment or decree, his right to an appeal therefrom is lost: 2 Enc. Pl. & Pr. 167. If such a rule were in force in this State, motions to dismiss appeals, based on the assignment of an interest in the subject-matter, would probably involve the question as to whether the transfer was made before or after the notice of appeal was given or served, and the jurisdiction of the appellate court might be made to depend, not on an inspection of the transcript, but on the consideration of evidence as disclosed by *ex parte* affidavits. So, too, a party to an appeal might insist upon or oppose the substitution of an adverse party, just as it conduced to or militated against his advantage; and, if the assignment of an interest in the subject-matter pending an appeal suspended the right of the assignor or the assignee to review the judgment or decree, the fact of the transfer, if alleged or denied, might also depend upon the preponderance of evidence, and result in delaying the trial of causes on appeal. Considering the possible consequence that might result from a change of appellants or respondents, the substitution of a party after the rendition of a judgment or a decree, except in the case of death or disability, is not, in our opinion, necessary to the prosecution or defense of an appeal, where a statute like ours regulating the procedure does not in express terms command such change.

2. It may well be doubted, however, if the defendant's authority to continue the appeal was at all impaired by the seizure of the property under the execution issued on Bobzien's judgment, for the issue in replevin is the right to the possession of the property at the time the action was commenced: Cobbey, Replevin (2 ed.), § 979. If by

a proceeding *in invitum* the satisfaction of an execution precludes the review of the judgment on which it is based, a party might thus be unjustly deprived of the right of an appeal in all cases of judgments or decrees given in actions or suits upon contracts, notwithstanding an undertaking may have been given for a stay of proceedings: B. & C. Comp. § 552. In order to justify the dismissal of an appeal on the ground that the litigation is settled in obedience to the court's order, the fact must be clear and conclusive that the compliance therewith was voluntary and with a view to its satisfaction: *Plano Mfg. Co.* v. *Rasey*, 69 Wis. 246 (34 N. W. 85). The bill of exceptions does not disclose that the defendant freely surrendered the possession of the property to the sheriff, and hence we conclude no error was committed in refusing to dismiss the appeal.

3. It is contended by plaintiff's counsel that the court erred in admitting over their objection and exception testimony tending to show that the bill of sale executed by Lamson to plaintiff was intended as a mortgage; and, an exception having been taken to the following part of the court's charge, it is also maintained that an error was committed in giving it.

" You are further instructed that if you believe by the evidence that the bill of sale was not intended as a bill of sale or conveyance by Lamson, but was intended as a mortgage for a debt owing by Lamson to plaintiff, then, in this connection, the instrument which purported to be a bill of sale was for the purpose of this cause a mortgage or deed of trust; but the instrument was defective by reason of the fact that it was not executed as the law prescribes, and if you believe from the evidence that the said instrument was intended as a deed of trust, or a mortgage as security for a debt, you should so find. In reading this instruction I have said, ' but the instrument was defective for the reason that it was not executed as the law of this

45 OR.——32

State prescribes'; that is, if it was intended as a mortgage, it is defective, but, if it was intended as a bill of sale, and was a bill of sale, then it was not defective."

It is argued that the answer having admitted that Lamson executed a bill of sale to plaintiff, and alleged that the pretended transfer of the property was without consideration and fraudulent, the testimony so objected to, and the instruction based thereon, were without the issues, and prejudicial to plaintiff's rights. The rule is settled in this State that a chattel mortgage is a conditional sale of personal property, and after breach of its terms a mortgagee has such a qualified right to the property as to enable him, under an allegation of absolute ownership, to maintain an action of claim and delivery for its possession: B. & C. Comp. § 5636; *Moorhouse* v. *Donaca*, 14 Or. 430 (13 Pac. 112); *Reinstein* v. *Roberts*, 34 Or. 87 (56 Pac. 90, 75 Am. St. Rep. 564); *Mayes* v. *Stephens*, 38 Or. 512 (63 Pac. 760, 64 Pac. 319.) If an action of replevin can be sustained under an averment of absolute ownership, when plaintiff's right to the property sought to be recovered is evidenced by and depends upon a chattel mortgage, in which there has been a breach of conditions, we see no reason why a defendant in such action, having admitted in his answer the execution of a bill of sale of goods and chattels, and alleged that it was void as to the creditors of the vendor, may not, with equal reason show on the trial that the instrument was intended as security for the payment of a debt or the performance of an obligation. If, after filing an answer in an action of replevin, the defendant discovers that a bill of sale attacked as fraudulent was intended as a mortgage, he ought to be permitted to prove that fact, if by doing so it would promote justice and defeat the plaintiff's recovery, for, as the right to amend a pleading rests in the sound discretion of the trial court, it would follow that if a defendant

was obliged to apply for leave to rectify a mistake or to
correct his want of knowledge, and was not permitted to
do so, he would be deprived of a valuable right to his prej-
udice.   The testimony so objected to was, in our opinion,
admissible.

4. The statute prescribing the manner in which a con-
ditional sale of personal property must be signed, sealed
and delivered, is as follows:  "Any chattel mortgage, deed
of trust, conveyance, or other instrument of writing in-
tended to operate as a mortgage of personal property alone,
or with real property, shall be executed, witnessed and ac-
knowledged, or certified, or proved, in the same manner as
conveyances of real property": B. & C. Comp. § 5630.   In
the case at bar the bill of sale, if intended as a mortgage,
is not acknowledged certified, or proved as a conveyance
of real estate, and that part of the court's charge excepted
to correctly states the law in relation to the execution of
the writing.

5. The instruction challenged tells the jury, if it should
appear to them that the instrument was intended as a mort-
gage, they should so find.   It is impossible to say whether
they were required to make special findings, or whether
or not they should find for the plaintiff or the defendant.
As no request seems to have been made curing the ambi-
guity, which we do not consider fatal, no error was com-
mitted in giving the instruction in question.

The bill of exceptions does not purport to contain all
the testimony introduced at the trial, nor all the instruc-
tions given.   If it be assumed that possession under the
chattel mortgage imported such notice to interested par-
ties as to cure the defect in its execution, that fact is not
disclosed by the transcript, nor does it appear therefrom
that the court was requested to charge the jury in relation
thereto.

6. It will be remembered that the judgment brought up for review by this appeal awards to the defendant the recovery from plaintiff of the personal property described in the complaint or the sum of $325, the value thereof, notwithstanding the goods were taken from her January 3, 1903, by Lister, and never returned. To enforce this judgment strictly would not only deprive plaintiff of her alleged ownership of the property and of the right to its possession, but also compel her to pay its value, a mere statement of which demonstrates the apparent injustice of such determination. As the defendant's seizure of the goods under the writ of attachment was to satisfy any judgment that Bobzein might secure in the justice's court against Lamson, the subsequent application of the property by Lister in payment of such judgment abrogated the defendant's right to a return of the goods, or to a recovery of their value. The issue tried was the right of possession of the property December 1, 1902, when it was attached, and, as the jury found for the defendant thereon, the judgment should have been in his favor for only the costs and expenses incurred.

The judgment will therefore be reversed and the cause remanded, with directions to give judgment in accordance the views herein expressed.          REVERSED.