Argued November 1, affirmed December 27, 1916, rehearing denied January 23, 1917.

# MEYERS v. HOT LAKE SANATORIUM CO.*

## (161 Pac. 697.)

### Appeal and Error—Appellant—Assignee.

1. Section 27, L. O. L., requiring every action to be prosecuted in the name of the real party in interest, Section 38, providing that no action shall abate by the death, marriage or other disability of a party, or by the transfer of any interest therein, if the cause of action survive, and Section 549, providing that any party to a judgment or decree other than one given by confession or for want of an answer may appeal therefrom, when construed in pari materia, do not require a substitution in any case except the death of a party, and under them an assignee, to whom a party has assigned his interest in the property affected by the decree subsequent to its rendition, can appeal from the decree in the name of his assignor.

### Appeal and Error—Harmless Error—Pleading—Technical Error.

2. In a suit to foreclose a trust deed which provided that, after default, the trustee might institute foreclosure proceedings when requested to do so by the holders of at least one half the outstanding bonds secured thereby, a technical error in the complaint, in stating that a majority of the holders of one half the outstanding bonds had requested the trustee to act, which error was not made a ground of demurrer and was not called to the lower court's attention so that it might be corrected by amendment, does not require a reversal of the decree rendered after a demurrer had been overruled.

[As to right of action of individual holder on corporate bond or coupon secured by mortgage, see note in Ann. Cas. 1915D, 981.]

### Appeal and Error—Presenting Questions Below—Necessity—Omission of Material Averment from Complaint.

3. Where the complaint omits a material averment, a decree for complainant will be reversed, though the omission was not called to the lower court's attention by the demurrer.

### Corporations—Trust Deed—Construction—Right to Foreclose.

4. A trust deed, securing corporate bonds, one article of which authorized the trustee to institute foreclosure proceedings when any default in the payment of interest or principal should continue for six months and another article of which provided that in case of default in the payment of interest or any of the principal, the trustee might, at the request of the holder of one half the outstanding bonds, declare the entire amount of the bonds due, and authorized the holders of a majority of the bonds to compel the trustee to so declare or to waive the exercise of the power, or to annul its exercise and to direct the trustee to dismiss any suit begun by it, authorizes the

*On extent to which bondholders are represented by trustee in mortgage or deed of trust securing bonds, see note in 16 L. R. A. (N. S.) 1006.                                REPORTER.

trustee to institute foreclosure proceedings before the default in the payment of interest had continued six months, if requested to do so by the holders of a majority of the bonds.

From Union: JOHN W. KNOWLES, Judge.

In Banc.    Statement by MR. CHIEF JUSTICE MOORE.

This is a suit by F. L. Meyers, as trustee, in which the complaint was filed January 7, 1916, to foreclose a deed of real and personal property executed by the defendant, the Hot Lake Sanatorium Company, a corporation, to the Eastern Oregon Trust & Savings Bank, a corporation, as trustee, to secure the payment of that defendant's first mortgage bonds in the sum of $250,000, issued March 20, 1906, maturing in 20 years and bearing 6 per cent interest, payable on the first days of March and September annually, and evidenced by coupons attached to the bonds. The complaint alleges the execution of the bonds and deed, makes copies thereof a part of that pleading, and avers that default was made with respect to the installment of interest maturing September 1, 1915; that the plaintiff is the successor in interest of the original trustee; sets forth the facts by which he asserts the right to maintain the suit at the time it was instituted; and alleges that each of the defendants, the Hot Lake Home & Sanatorium Company, the Clark-Woodward Drug Company, and the Boise Cold Storage Company, corporations, has or claims some interest in the mortgaged property, but that the right of either is inferior to the plaintiff's lien.

The Boise Cold Storage Company demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of suit. The demurrer was overruled, and, that defendant declining further to plead and waiving the time allowed for that pur-

pose, a decree was rendered as prayed for in the complaint, and the Boise Cold Storage Company appeals.

AFFIRMED.   REHEARING DENIED.

For appellant there was a brief over the names of *Mr. Edward J. Brazell* and *Mr. Guy G. Willis,* with an oral argument by *Mr. Brazell.*

For respondent there was a brief over the name of *Messrs. Crawford & Eakin,* with an oral argument by *Mr. Robert Eakin.*

Opinion by MR. CHIEF JUSTICE MOORE.

The plaintiff's counsel move to dismiss the appeal on the ground that the appellant had assigned all its interest in the property affected by the decree before attempting to review that final determination. It appears from the uncontradicted affidavits, filed supplemental to the motion, that the Boise Cold Storage Company secured against the Hot Lake Sanatorium Company a judgment for $1,938.29, exclusive of costs and disbursements, that was assigned to the Phoenix Land Company, a corporation, which thereafter took and perfected an appeal in the name of its assignor.

1. Our statute, which is the foundation of the right asserted by the appellant's counsel, reads:

"Every action shall be prosecuted in the name of the real party in interest, except as otherwise provided in Section 29, but this section shall not be deemed to authorize the assignment of a thing in action not arising out of contract": Section 27, L. O. L.

"No action shall abate by the death, marriage, or other disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of the death, marriage, or other disability of a party, the court may, at any time within one year thereafter, on motion, allow the action to be

continued by or against his personal representatives or successors in interest'': Section 38, L. O. L.

''Any party to a judgment or decree other than a judgment or decree given by confession, or for want of an answer, may appeal therefrom'': Section 549, L. O. L.

Construing these clauses *in pari materia,* our court is committed to the doctrine that after an action or suit has been commenced no substitution is required, except in case of the death of a party: *Long* v. *Thompson,* 34 Or. 359 (55 Pac. 978); *Merriam* v. *Victory Min. Co.,* 37 Or. 321 (56 Pac. 75, 58 Pac. 37, 60 Pac. 997); *Culver* v. *Randle,* 45 Or. 491 (78 Pac. 394); *Burns* v. *Kennedy,* 49 Or. 588 (90 Pac. 1102); *Fildew* v. *Milner,* 57 Or. 16 (109 Pac. 1092); *Oregon Auto-Dispatch* v. *Cadwell,* 67 Or. 301 (135 Pac. 880); *Dundee M. & T. Inv. Co.* v. *Hughes* (C. C.), 89 Fed. 182. We conclude, therefore, that as the Boise Cold Storage Company was made a party to this suit and assigned all its interest in the property affected by the decree herein after it was rendered, the assignee, under the provisions of our statute, was authorized to take and perfect an appeal from such determination in the name of the assignor, and having done so, the motion to dismiss the appeal is denied. The conclusion thus reached is deemed essential to a determination of jurisdiction of the appeal, in order to consider the merits of the cause which relate to the action of the trial court in overruling the demurrer. In order properly to understand the question involved, it becomes necessary to call attention to clauses of the trust deed. Article I thereof, as far as deemed material, reads:

''Until the said Hot Lake Sanatorium Company shall make default in the payment of the principal or interest of the said bonds or some of them, according to the tenor thereof, or of the coupons thereto annexed,

or some one or any of them, at the time or in the manner named for the payment thereof, and such default shall continue for the period of six (6) months, or shall make default or breach in the performance or observance of any condition, obligations or requirements contained in said bonds or this deed of trust or mortgage, the said Hot Lake Sanatorium Company may possess, manage, operate and enjoy all the said property and premises hereby mortgaged and receive, take and use the income, tolls, rents, issues and profits thereof to the same effect as if this deed of trust or mortgage had not been made.''

Article 3 declares:

''If, and whenever the said Hot Lake Sanatorium Company, or its successors shall make any default in the payment of the principal or interest of said bonds, or some one or any of them, or of the coupons thereto annexed, or some one or any of them, according to the tenor or effect thereof at the time and in the manner of the payment thereof and such default shall continue for the period of six (6) months * * it shall be lawful for the trustee * * by its attorney or agent to sell and dispose of all and singular said property belonging to the Hot Lake Sanatorium Company and all said real property hereby mortgaged as a whole, by public auction,'' etc., prescribing the place of sale and the notice requested.

Article 4 provides:

''If the Hot Lake Sanatorium Company, or its successors, shall make default in the payment of any interest or any of said bonds according to the tenor thereof, or make default in the payment of any of the sums of money herein promised to be paid, then and thereupon such trustee shall, if requested by the holder or holders of at least one half in amount of said bonds then outstanding, declare the principal of all of said bonds to be immediately due and payable and thereupon all said bonds shall be due and payable, provided nevertheless that at any time after such default shall have been made, and have continued as aforesaid, and

before the actual payment of the principal, it shall be lawful for the holders of a majority in amount of said bonds then outstanding, to direct the trustee, either forthwith to exercise its power of declaring the principal of said bonds due and payable, or waive the exercise of said power, if unexercised, or to withdraw or annul the exercise thereof, if exercised either absolutely or with the consent of the Hot Lake Sanatorium Company, or its successors, and to direct the trustee to dismiss any suit brought against the Hot Lake Sanatorium Company, or to abandon any proceeding for the sale of the property herein described, provided, nevertheless, that no action taken by the trustee, or by the bondholders, under this article shall prejudice or affect the powers or rights of the trustee or of said bondholders, in the event of any subsequent default.''

Article 5 asserts:

''It shall be lawful for the trustee to exercise the said power of entry or the said power of sale, or both, or to proceed by suit or suits in equity or at law to enforce the rights of the bondholders in the several cases of default on the part of the Hot Lake Sanatorium Company, or its successors herein specified, in the manner and subject to the qualifications herein expressed upon the request as herein prescribed.''

The complaint, *inter alia,* charges:

''That all of said $250,000 in bonds are outstanding and unpaid, and no part of the interest maturing upon said bonds or any thereof on September 1, 1915, has been paid, and that said Hot Lake Sanatorium Company has made default in such payment, and that after such default was made and prior to the commencement of this suit [a majority of] the holders of more than one half of the amount of said bonds so outstanding requested plaintiff, F. L. Meyers, as such trustee, to declare the principal of all of said bonds immediately due and payable, and to commence suit for the foreclosure of said trust deed and mortgage and the collection of the sums, both principal and interest, due upon all of said bonds, and that accordingly plaintiff, as such

trustee, did and does here now declare the principal of all of said bonds immediately due and payable.''

2. The holders of a majority of the outstanding bonds, as provided in Article IV of the trust deed, must have owned or controlled more than $125,000 of such evidence of indebtedness. ''A majority of the holders of more than one half of the amount of said bonds so outstanding,'' as alleged in the complaint, would be required to have a title or legal right to only a fraction more than $62,500 of such securities. The averment of the complaint hereinbefore quoted is technically defective in stating a cause of suit in this particular. The fault referred to is not mentioned in the brief of appellant's counsel, and, this being so, it must be assumed that the attention of the trial court was never attracted to this imperfection.

3. At the argument in this court, however, much stress was laid upon the words, ''a majority of,'' as used in the complaint and hereinbefore indicated by brackets, and it is contended the facts so stated are insufficient to constitute a cause of suit, and, this being so, the decree should be reversed in consequence of the error committed in overruling the demurrer. If the primary pleading had omitted a material averment, the rule now insisted upon would undoubtedly be controlling, for in such case no foundation would exist upon which to support a judgment rendered in conformity to the prayer of the complaint. So, too, in case of a mere technical defect in a pleading, if it appear that the attention of the court was called by the interposition of a demurrer which distinctly specified the grounds of objection to the complaint, thus affording an opportunity for an amendment, and the demurrer was overruled, a different question would be presented in reviewing the judgment or decree.

82 Or.—38

The assertion of "the law's delay," of which complaint is often made, would be verified by sanctioning such a mode of practice as was evidently pursued at the trial of this cause.

The phrase, "a majority of," as used in the complaint, is unquestionably a mistake, and the technicality may have occurred by oversight of plaintiff's counsel in dictating, or by a stenographer in transcribing the notes. But, however the error may have resulted, it can be corrected by eliminating the words in the brackets referred to, and, having done so, the complaint will then state facts sufficient to authorize an enforcement of the conditions of the trust deed, if such relief was contemplated under the circumstances mentioned. By striking out such phrase, it is not to be supposed that the remaining allegation of the part of the complaint hereinbefore quoted could have been truthfully denied, for if the plaintiff had not been requested, by the holders of more than one half of the then outstanding bonds, fo declare a maturity of such evidences of corporate indebtedness and to foreclose the trust deed, a plea in abatement would undoubtedly have been interposed. The technical defect which was adverted to at the argument in this court will be disregarded.

4. The remaining question to be considered is whether, under the terms of the trust deed, a suit can be maintained to foreclose the lien at the request of the holders of more than one half of the outstanding bonds, before the expiration of six months from the default in paying the coupons. A careful reading of the articles of the trust deed, hereinbefore set forth, will show that two remedies are prescribed. After a default of six months in the payment of the interest coupons, the trustee may, on his own motion, proceed

by strict foreclosure or for an ordinary foreclosure by a suit instituted for that purpose, to bar the right of the Hot Lake Sanatorium Company in and to the real and personal property mortgaged. It is unnecessary now to consider whether or not a strict foreclosure can be had, since such a remedy has not been invoked. Article IV reserves to the holders of a majority of the bonds power to set aside any proceedings instituted by the trustee on his own motion, and also to cancel their own previous request, to declare a maturity of the corporate indebtedness, and to commence a suit to foreclose the lien. It is believed a fair construction *in pari materia* of all the conditions of the trust deed authorized the trustee to maintain a suit to foreclose the lien, immediately upon default of any of the provisions specified, if so requested by the holders of a majority of the then outstanding bonds.

This being so, no error was committed in overruling the demurrer and in granting the relief awarded. The decree is therefore affirmed.

AFFIRMED.  REHEARING DENIED.