Submitted on motion to dismiss appeal at Pendleton, December
15, motion allowed December 30, 1925.

# Re WATER RIGHTS OF BURNT RIVER.

# CHARLES WENDT et al. v. EASTERN OREGON LAND CO.

(241 Pac. 988.)

**Appeal and Error—Parties Interested in Adjudication, but not Affected by Determination Between Two Particular Claimants, not Necessary Parties to Appeal in Such Proceeding.**

1.  Where controversy in proceeding to adjudicate water of a
small tributary is between two parties as to ownership of such
water rights, determination of which would not affect other parties
interested in adjudication of stream, there is no reason for any
party other than two contesting ownership to appeal, as no other
parties are adverse within Section 550, subsection 1, Or. L.; only
adverse parties being necessary in an appeal.

**Appeal and Error — Right of Appeal Statutory and not a Natural
Right.**

2.  No one has a natural right to appeal from decision of Circuit
Court, but appeal is statutory, and, to give Supreme Court jurisdic-
tion, terms of statute must be strictly complied with.

**Appeal and Error—Notice of Appeal or Undertaking on Appeal not
a "Process."**

3.  Neither notice of appeal nor undertaking on appeal is a
"process," within meaning of Section 1368, Or. L., relating to style
of process.

**Abatement and Revival—Heirs Necessary to Adjudication of Water
Rights.**

4.  An adjudication of water rights involves real property which
descends to heirs immediately on death of ancestor, and heirs be-
come necessary parties to the adjudication.

**Appeal and Error—Parties—One not Party to Proceeding cannot
be Made so by Serving Notice of Appeal on Him — One not
Party cannot Appeal.**

5.  One not a party to a proceeding to adjudicate water rights
cannot be made so by serving notice of appeal on him, nor is one
who is not a party entitled to prosecute an appeal.

**Parties—One Purchasing Subject Matter of Litigation While Liti-
gation Pending in Circuit Court Need not be Substituted for
Original Party Litigant.**

6.  Where subject matter of litigation has changed ownership
by conveyance pending litigation in Circuit Court, it is not neces-
sary to substitute purchaser for original party litigant.

---

2.  See 2 R. C. L. 49.

Appeal and Error—Appeal from Decree Determining Water Rights
      Dismissed for Want of Jurisdiction, Where Notice of Appeal
      not Served on All Interested Parties and Served on Wrong Per-
      sons in Some Instances.

7. Where parties appealing from adjudication of water rights
did not serve notice of appeal on all interested parties to adjudica-
tion, none of whom came within exception of Section 544, Or. L.,
nor attempt to comply with Section 543, and notice was in some
cases served on personal representatives of deceased parties instead
of heirs, and several parties appellant and others interested in adju-
dication died without substitutions having been made, *held*, that
Supreme Court, not having all parties before it, cannot pass on de-
cree determining water rights, requiring dismissal of appeal for
want of jurisdiction.

Appeal and Error—Notice of Appeal cannot be Amended.

8. Offers of appellants to abandon portion of their notice of
appeal cannot confer jurisdiction on Supreme Court, as a notice of
appeal cannot be amended.

Appeal and Error, 3 C. J., p. 316, n. 43, p. 616, n. 55, p. 1014,
n. 90, p. 1039, n. 2, p. 1218, n. 8, p. 1229, n. 79, p. 1230, n. 82,
p. 1232, n. 94.

From Baker: J. W. Knowles, Judge.

In Banc.

This is an appeal from certain parts of a decree
adjudicating the water rights of Burnt River and its
tributaries. The portions of the decree appealed
from are contests Nos. 8, 9 and 10, in which the East-
ern Oregon Land Company was contestee. Also that
portion of the decree reading as follows: " * * pro-
vided, further, that no water users shall use more
than three acre feet in an irrigation season."

Another portion of the decree is appealed from re-
lating to the right and inchoate rights of the Eastern
Oregon Land Company. Some 250 different parties
are interested in the adjudication. Sixty-three of
those parties have attempted to appeal to this court.
The contestee, Eastern Oregon Land Company, moves

7. Parties entitled to notice of appeal, see notes in 13 Ann. Cas.
181; 21 Ann. Cas. 1277.

to dismiss the appeal because a large number of the parties interested in the adjudication and who were awarded water rights either on Burnt River or some of its tributaries were not served with the notice of appeal. The appellants made strenuous efforts to serve all of the parties to the adjudication. In some instances they could not make service because some of the parties had died, others had moved from their places of residence at the time the adjudication was made. Some of these parties were located in different states of the Union at the time the appeal was made but their postoffice addresses were unknown. The parties have filed extensive briefs, ably argued their respective contentions and have spent a great deal of time and work in examining authorities which they have cited in their respective briefs.

MOTION ALLOWED.

For the motion, *Messrs. Veazie & Veazie.*

*Contra, Messrs. Nichols, Hallock & Donald, Mr. J. B. Messick* and *Mr. Irving Rand.*

COSHOW, J.—1. It is seriously contended by the appellants that the only party interested in this appeal is the Eastern Oregon Land Company, who was duly served with notice and undertaking and have appealed herein. There are cases adjudicating the water rights of a stream with its tributaries in which it is not necessary to bring all the parties interested in the adjudication in this court on appeal. The proceeding to adjudicate the water of a stream may resolve itself into separate controversies involving some of the parties without involving others. Where a small tributary on which two parties claim a water right and the controversy between them is over the owner-

ship of that certain water right, the determination of which would in no way affect other parties interested in the adjudication of the stream, there is no reason why any parties other than the two contesting the ownership of that particular water right should be brought into this court. No other parties are adverse in the sense used in Section 550, subdivision (1), Or. L. Only adverse parties are necessary parties in an appeal. This court has entertained appeals in a number of cases emanating from the adjudication of the water rights of Rogue River: *Lance et al.* v. *Boling et al.,* 114 Or. 372 (235 Pac. 279); *Blanchard* v. *Hartley,* 111 Or. 308 (226 Pac. 436); *Turvey* v. Kincaid, 111 Or. 237 (226 Pac. 219). If the appeal in this case, therefore, does not involve the interests of any party to the adjudication except the Eastern Oregon Land Company, it was not necessary to serve any other party.

2, 3. The record clearly discloses that a large number of the interested parties to the adjudication were not served. The appellants argue earnestly that it was impossible to serve them and that they 'should not be penalized because they could not do what the statute requires them to do in order to sustain their appeal. We cannot accede to this position. No one has a natural right to appeal from a decision of the Circuit Court. It has been so often held by this court that an appeal is statutory and in order to give this court jurisdiction the terms of the statute must be strictly complied with that it is unnecessary to cite authorities. We are not convinced that the appellants could not have complied with the statute. Plaintiffs could have given notice in open court at the time the decree was rendered. Appellants concede this but answer by directing attention to the stat-

ute requiring the undertaking on an appeal to be served. Also since this could not be done at the time the decree was rendered they insist that upon a showing of the difficulty of making service of the undertaking they should be excused from strict compliance with the statute. Attention is directed to Sections 543 and 544, Or. L. The former section contains this sentence: "When a party is absent from the state, and has no attorney in the action or suit, service may be made by mail, if his residence be known; if not known, on the clerk for him" We do not see any difficulty in making service on the parties who were absent from the state and whose residence was unknown by making service on the clerk. Section 544 is as follows: "The foregoing provisions do not apply to the service of a summons or other process, nor so much thereof as allows service to be made of any notice or other paper to bring a party into contempt, otherwise than upon such party personally." No parties to the adjudication come within the exception of Section 544: Section 1368, Or. L.; *Lane* v. *Ball,* 83 Or. 404, 422, 423 (160 Pac. 144, 163 Pac. 975); *Bailey* v. *Williams,* 6 Or. 71. A summons is not process in this state but provision has been made for serving by publication where the parties cannot be found or are out of the state. Neither notice of appeal nor the undertaking on appeal is process as defined in said Section 1368. But even if service could not be made as provided in Section 543, this court could not acquire jurisdiction without service on the adverse parties in the adjudication. If the appellants could not comply with the statute it would be necessary to seek the remedy from the legislature. This court cannot acquire jurisdiction by construction or in any other way than as provided by the statute.

116 Or.—34

4–6. In some instances notice of appeal was served upon the personal representative of the deceased parties of the adjudication without having made substitution. The heirs of the deceased parties had not been made parties to the adjudication. The adjudication involves real property which descends to the heir immediately upon the death of the ancestor. The heirs became necessary parties to the adjudication. It has been held by this court that where a litigant has died while an appeal was pending in this court it was not necessary that a substitution should have been made in one year as required by our statute: *Long* v. *Thompson,* 34 Or. 359 (55 Pac. 978). Anyone not a party to the proceeding cannot be made so by serving a notice of appeal upon him nor is one who is not a party entitled to prosecute an appeal. Where the subject matter of the litigation has changed ownership by conveyance pending the litigation in the Circuit Court it is not necessary to substitute the purchaser for the original party litigant.

"Considering the possible consequence that might result from the change of the appellants or respondents, the substitution of a party after the rendition of a judgment or a decree, except in the case of death or disability, is not, in our opinion, necessary to the prosecution or defense of an appeal, where a statute like ours regulating the procedure does not in express terms command such change." *Culver* v. *Randle,* 45 Or. 491, 496 (78 Pac. 394).

In *Stivers* v. *Byrkett,* 56 Or. 565, 570 (108 Pac. 1014), the court used this language:

"The administrator in this case, has no standing or right to appear therein unless he either has been substituted in the action or is entitled to be substituted, and this is part of the relief he seeks by this motion to vacate, but his application was not made within a

year from the death of his testator, and comes too late.''

Several of the parties appellant and others interested in the adjudication have died since the litigation was instituted and no substitution seems to have been made in any such case.

7, 8. The appeal is as much from that part of the decree of the court fixing the duty on water in the language hereinabove quoted as in the three contests mentioned. This provision of the decree applies to all of the parties to the adjudication. This court does not have all the parties before it, and cannot therefore pass upon that feature of the decree from which this appeal has been taken: *In re Waters of Chewaucan River*, 89 Or. 659 (171 Pac. 402, 175 Pac. 421); *In re Waters of Willow Creek* (Or.), 236 Pac. 487. The appellants attempt to meet this situation by offers to abandon that part of their notice of appeal. But this offer cannot confer jurisdiction on the court. A notice of appeal cannot be amended. This court in *Lee v. Gram*, 105 Or. 49, 54 (196 Pac. 373, 27 A. L. R. 100), said:

''This is the exclusive standard by which the sufficiency of a notice of appeal is to be determined. We may neither add to nor detract therefrom.''

For these reasons the motion is allowed and the appeal is dismissed for want of jurisdiction. Costs not allowed to either party in this court.

APPEAL DISMISSED.

Mr. Justice RAND took no part in the consideration or decision of this case.