María Pontón Ramos et al., Plaintiffs and Appellees, v. Succrs. of Huertas González, Defendant and Appellant.

No. 5092. Argued December 19, 1932.—Decided March 10, 1933.

*L. Santiago Carmona* for appellees. *R. H. Blondet* for petitioner, Flores Alvarez & Co.

Mr. Justice Wolf delivered the opinion of the Court.

In the foregoing case on the 8th of July, 1931, this Court rendered judgment modifying a judgment of the District Court of San Juan and otherwise affirming it. The effect of this judgment was to give the plaintiffs María Pontón Ramos and Luis Santiago Rivera a right to recover against Succrs. of Huertas González a certain sum of money. The facts of this case may be seen by reference to *Pontón* v. *Succrs. of Huertas González,* 42 P.R.R. 511.

On the 23rd of July, 1931, the defendant-appellant filed a motion for reconsideration and was opposed. On the 21st of March, 1932, the parties were heard on the motion for reconsideration on the question whether the case should be reconsidered or not. On the 20th of July, 1932, an order was made setting a new hearing of the case for the 10th of November, 1932.

In the said order the parties were to file new briefs dealing especially with certain questions mentioned in such order. So that the case was pending in this Court for final decision. By reason of another incident which is unnecessary to discuss, the case was not heard on the 10th of November but the parties were heard on the 14th of November on the said incident.

Then, on the 15th of November, 1932, Flores Alvarez & Co., represented by Mr. Blondet, presented a motion that it in effect should be substituted for the plaintiffs María Pontón Ramos and Luis Santiago Rivera, the original appellees in the case before us. To this motion the said Flores Alvarez & Co. accompanied an order of the District Court of San Juan substituting Flores Alvarez & Co. for the said María Pontón and Luis Santiago. This order was in its turn accompanied by a deed made by the marshal of the District Court of San Juan.

On the 7th of December, 1932, this Court passed an order to hear María Pontón Ramos and Luis Santiago and also the appellant and Flores Alvarez & Co. on the motion of substitution. Certain previous appearances of the plaintiff Luis Santiago Rivera were made in person but on the 19th of December, 1932, he appeared by attorney as did the petitioner (*promovente*). The parties were duly heard and have presented memoranda for and against the alleged substitution.

It transpires that Flores Alvarez & Co. had a claim against Luis Santiago Rivera and María Pontón Ramos and

obtained judgment against them in a sum exceeding $800. The marshal of the district court, so far as he could, proceeded to attach the said judgment and at the corresponding auction sale the said judgment was sold to Flores Alvarez & Co., the judgment creditors, for the amount of their judgment subject to a previous claim of another creditor in the amount of $1,173.17 for which amount Flores Alvarez & Co. became responsible. María Pontón Ramos and Luis Santiago Rivera filed an opposition in this Court to the transfer and as creditors thereof alleged that there was no possibility of attaching and selling at public auction a judgment as was done or attempted to be done in this case. They cited the following cases from California to that effect: *Emerson* v. *McWhirter,* 128 Cal. 268, 60 Pac. 774; *McBride* v. *Fallon,* 65 Cal. 301; *Dore* v. *Dougherty,* 72 Cal. 232; and *Hoxie* v. *Bryant,* 131 Cal. 85.

Flores Alvarez & Co. does not seriously question the jurisprudence of California to the effect that a judgment can not be sold at public auction but the method is to garnish the debtors obliged by such a judgment. The idea is that the judgment is only an evidence of a debt and not subject to personal attachment.

Flores Alvarez & Co. on the other hand maintains that this state of things is not applicable to Puerto Rico and that incorporeal and intangible things may be attached in Puerto Rico just as any other property.

We shall not attempt to decide the question between the parties in this Court because it is an important one and should not be passed upon by us, unless the matter has been fully discussed in the court below.

Apparently, María Pontón and Luis Santiago are right. Flores Alvarez & Co. never took the necessary steps to be substituted in the court below and hence had no right to be substituted in this Court. The case in this regard differs

from *Rivera* v. *Central Pasto Viejo, Inc., ante,* p. 504, wherein no attempt was made for substitution in the court below.

The order of the district court does not show that there was any hearing on the motion for substitution but that the auction sale by the marshal or the deed by him were accepted at their face value and the order made. While sometimes there is a presumption of such a hearing, we do not think it took place in this case. In other words, we do not think that María Pontón and Luis Santiago had any opportunity to be heard in the district court and to allege that there had been no valid substitution of the parties. Therefore, we feel ourselves obliged to overrule the motion for the present, giving the parties the opportunity to proceed with their motion in the District Court of San Juan after a hearing on the right of substitution.

We have decided in *Kuenzli* v. *Symister,* 43 P.R.R. 447, that where an attachment is made the debtor need not be notified of the attachment and that the attachment in the registry of property suffices. This rule can not apply to the right of a party to be heard in a pending case on a proposed substitution of parties. The apparent rights of María Pontón and Luis Santiago Rivera were quite in excess of the claims of Flores Alvarez & Co. and the other creditor Succrs. de Gamarra. It does not appear that María Pontón and Luis Santiago were notified directly of the auction sale other than by the edicts.

While the right of Flores Alvarez & Co. to intervene is being settled in the district court we shall not postpone the hearing on the principal case. The right of Flores Alvarez & Co. to intervene here has not been satisfactorily shown but we shall grant it permission to intervene at any subsequent hearing as *amicus curiae,* and it is so ordered.