## Case No. 4,389.

ELLIOT v. TEAL.

[5 Sawy. 188.][1]

Circuit Court, D. Oregon. May 31, 1878.

Addison C. Gibbs, for plaintiff.
W. Lair Hill, for defendant.

DEADY, District Judge. This action is brought against Samuel Tillard, to recover the south half of the donation of William and Violet W. Berry, the same being the wife's half of claim No. 53, in township 10 south, of range 5 west of the Wallamet meridian, and containing three hundred and nineteen and ninety-one hundredths acres. Tillard answered that he was in possession simply as the tenant of Joseph Teal, whereupon the latter on his own application was made defendant in place of the tenant. On September 3, 1877, the defendant Teal answered, denying the ownership of the plaintiff, and pleading title in himself. On April 29, 1878, the defendant applied for leave to file a supplemental answer, alleging that since the commencement of this action, and some time in November, 1877, the plaintiff had convey-

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

ed the premises to a citizen and resident of the state of Oregon; and that the plaintiff has now no interest in the event of this action and is not the real party in interest, and therefore "this court has no jurisdiction of this cause." The application is resisted by the plaintiff upon the ground that the facts sought to be pleaded are immaterial.

Section 105 of the Oregon Civil Code provides that the defendant may be allowed to make a supplemental answer alleging "facts material to the case" occurring after the former answer. At common law, any matter of defense, arising after a plea was pleaded as a matter arising puis darrein continuance, and might be either in abatement or bar of the action. But in either case such a plea was a waiver of any plea or defense which preceded it—at least when the former was inconsistent with the latter. 1 Chit. Pl. 695–697; 2 Wend. 300; 34 Barb. 200. Section 105, supra, is merely the common law rule upon this subject adapted to the Code practice and nomenclature. Therefore the allegation in the proposed answer to the effect that the defendant does not admit but still denies that the plaintiff is or was at the commencement of the action the owner of the premises in controversy, is not entitled to be considered. For the defense in the supplemental answer and the prior plea of ownership in the defendant are either consistent or inconsistent. If they are consistent the allegation is immaterial, but if inconsistent it is of no effect, because a party cannot impliedly admit that a former defense is untrue and at the same time allege that it is true—in other words, cannot waive such defense by pleading another contrary to it and also insist upon it. But is this matter "material"? At common law the death of a plaintiff or the termination of his interest in the subject-matter of the action might be pleaded in abatement of it. 1 Chit. Pl. 25, 482; 1 Bac. Abr. 22. To remedy the inconvenience resulting from the application of this rule in case of the death of a party, statutes were enacted providing for the continuation of the action by the personal representative of the deceased. Section 37 of the Oregon Civil Code goes farther and provides: "No action shall abate by the death, marriage or other disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of the death, marriage or other disability of a party, the court may at any time within one year thereafter, on motion, allow the action to be continued by or against his personal representatives or successor in interest."

By this section it is expressly provided that the termination of the plaintiff's interest in the subject of the action shall not abate it; and this applies to and includes a case like this, where the termination of such interest is alleged to arise from a voluntary transfer thereof. The subject of this action is the right of possession of the premises mentioned in the complaint. Such right is not extin-

guished by the transfer, but passes to the plaintiff's alleged vendee. It may therefore be admitted that the plaintiff, if the fact be as alleged, is not now the real party in interest, and therefore not entitled to prosecute this action within section 27 of the Code, which provides that "every action shall be prosecuted in the name of the real party in interest." But the operation of section 27 is modified by section 37, supra, which in effect provides that when an action is commenced by the real party in interest his subsequent transfer of such interest "shall not abate the action or prevent his prosecuting it to final judgment, or its being so prosecuted in his name, for the benefit of whom it may concern." This question was thoroughly considered in Moss v. Shear, 30 Cal. 475, and in French v. Edwards [Case No. 5,097], and the conclusion reached that a conveyance of the premises pendente lite does not abate an action for the possession, or prevent its being further prosecuted in the name of the vendor. To the same effect is Camarillo v. Fenlon, 49 Cal. 203.

But it is said that the California statute (section 16, Prac. Act; section 385, Code Civ. Proc.) under which these rulings were made, contains a provision expressly authorizing the court, in the case of a voluntary transfer pendente lite, to allow the action to be continued in the name of the original party or the vendee. This provision is not in the Oregon Code, and it may therefore be admitted that under it there is no power to substitute the person to whom the transfer is made for the plaintiff. But what follows? Why, simply that the action must be prosecuted in the name of the original plaintiff, unless it is to abate, a result which section 37, supra, expressly provides shall not happen. It is plain, then, that both Codes having provided that an action shall not abate on account of the transfer of any interest therein, it follows, as a matter of course, that under either an action commenced by the real party in interest may be prosecuted to final judgment in his own name, notwithstanding a transfer of his interest therein. This right to continue the action in the name of the original party is not conferred by the provision in the California statute which permits it to be so continued, or in the name of the vendee, but necessarily results from the prior provision that the action shall not abate.

No decision of the supreme court of this state upon the point has been cited. So far as the question before the court is concerned, the statutes of Oregon and California are the same and the cases decided under the latter are directly in point. Upon the statute of this state there appears to be no room for argument. It is expressly provided that an action shall not abate by reason of any transfer of interest therein, and therefore it must continue and be prosecuted as though such transfer had not taken place. It follows that the facts set up in the proposed answer are not material in this action, and therefore the application is denied.

But probably this motion ought not to be disposed of without noticing the fact that the proposed answer not only alleges the transfer of the premises by the plaintiff, but that the person to whom such transfer was made is a citizen of the same state as the defendant, the state of Oregon, and that therefore "this court has no jurisdiction of the cause." It would seem from this and some phases of the argument for the motion that this supplemental answer was intended as a plea to the jurisdiction of the court on the point of the citizenship of the parties rather than in abatement of the action.

But the vendee of the plaintiff is not a party to this action, and therefore it is immaterial what is his citizenship. If it was sought to substitute him as a party to the action in place of the plaintiff, then the question of his citizenship would become material. But as it is, the matter is of no moment whatever. The transfer of the premises by the plaintiff to a third person, pendente lite, unless it operates, as at common law, to abate the action, can have no effect upon it whatever, and in this respect the citizenship of the party to whom the transfer is made is immaterial. But section 37, supra, having provided that such transfer shall not abate the action, it continues as though the alleged conveyance had never been made. The statute was made to promote utility and convenience in the prosecution of remedies by doing away with the unnecessary expense and delay of commencing a second action for the same cause, on account of the death of a party or the transfer of his interest during the progress of the action. The motion is denied.