F. R. HILL, Appellant, *v.* J. T. COOPER, Respondent.

Remedy—Rents and Profits Received to the Use of Another.—Where one holds the possession of land as the trustee of another, and while so holding the possession receives to his own use the rents and profits which belong to his *cestui que trust*, the *cestui que trust* must resort to a suit in equity to recover such rents and profits of the trustee.

Idem—Rents and Profits and Possession Recovered in same Action.—Where a *cestui que trust* prosecutes a suit in equity to compel his trustee to convey the legal title to him, he may in said suit recover of the trustee the rents and profits which the trustee has received to the use of the *cestui que trust* while the trustee was in possession of the land.

Ejectment—Judgment Conclusive.—A judgment in ejectment is conclusive as to the legal title and right of possession as between the parties, and can not be collaterally impeached.

APPEAL from Douglas County.

The complaint alleges, in substance, that plaintiff on and before June 3, 1873, was, and ever since has been, the owner and entitled to the possession of the premises described; that on the third of June, 1873, defendant wrongfully entered upon and took possession of said premises, and wrongfully detained the same until the sixteenth day of February, 1878, to plaintiff's damage, one thousand five hundred dollars; that there was a crop on said premises of the value of two hundred and fifty dollars; that defendant took the same and converted it to his own use, to plaintiff's damage, two hundred and fifty dollars; that the rents and profits of said premises during said time were worth one thousand two hundred and fifty dollars exclusive of said crop; and demands judgment for one thousand five hundred dollars.

The answer denies the allegations of the complaint; admits the rents and profits worth three hundred dollars; and alleges that defendant was the legal owner of said premises up to the sixteenth of February, 1878, and entitled to the possession, and the rents and profits; that before this action was commenced, plaintiff commenced suit against defendant for a conveyance of this land, alleging that this defendant was the legal owner; that decree was rendered in favor of plaintiff; that the rents and profits should have been claimed in said suit, and sets up the pleadings in said suit.

Also alleges, that on the twenty-second of June, 1873, in the circuit court for Douglas county, Oregon, in an action brought by this defendant against this plaintiff, judgment was rendered; that this defendant was the owner in fee simple of the premises mentioned in defendant's answer herein, and entitled to the possession thereof, setting up a copy of said judgment; that said judgment was appealed to the supreme court, and affirmed by said court; that under and by virtue of said judgment defendant entered upon and occupied said premises until the sixteenth of February, 1878, since which time he has not had possession of said premises, and asks judgment for costs and disbursements.

The reply denies that the defendant was the owner in fee, or entitled to the possession of the said premises, or the rents or profits thereof.

This action was tried by the court without a jury, and judgment entered for defendant.

After the denials in the replication, as above stated, the plaintiff, by way of other and further replication, alleged as follows:

"Plaintiff avers that he did prosecute a suit to final determination against the defendant, but denies that it was only claimed in the complaint that plaintiff was merely the equitable owner of the premises described, but avers that said suit was prosecuted to recover the possession of said premises from the defendant, and to declare fraudulent and void a certain deed of April 8, 1872, from Sarah M. Stratton to the defendant, under which the defendant claimed to hold said real property, and that it was distinctly alleged in said complaint and finally determined in said suit; that on the twenty-second day of April, 1871, the plaintiff was the owner for a full valuable consideration and in possession of said land under and through a certain written deed or contract for the purchase of said land, executed by Riley E. Stratton and wife, Sarah M. Stratton, to James I. Patton, on the twentieth day of August, 1856; that thereafter, the defendant on the eighth day of April, 1872, with full knowledge of the equities of the plaintiff, by fraudulent representations and without consideration, obtained said quitclaim deed from Sarah M. Stratton to said premises. That said Sarah M. Stratton was at the time the widow, and was the sole heir of said R. E. Stratton.

"Plaintiff denies that the claim for rents and profits is an equitable demand or that any part of the claim therefor stated in the complaint was put in issue in said suit in equity or in any manner before the court in that suit, or determined therein, or that they should have been pleaded in said suit. Plaintiff avers that the question of the bare legal title to said premises was all that was before the court in the action at law prosecuted by the defendant against the plaintiff for the possession of said land, and was all that was described in

said judgment. That it was upon the deed of April 8, 1872, from Sarah M. Stratton to the defendant that he obtained said judgment. That the plaintiff thereafter prosecuted to final judgment in the circuit court of the state of Oregon for Marion county, a suit against the defendant, in which it was alleged in the complaint and determined in said suit, that the plaintiff was the owner for a full valuable consideration, and in the possession of said premises under and through a written deed for the sale and conveyance of said premises, executed by R. E. Stratton and S. M. Stratton to one James I. Patton; which deed was defective in this, that by mistake of said parties they failed to have said deed signed by the subscribing witness, which it was intended by the parties at the time to have done.

"That the defendant, with a full knowledge of said facts, by fraud and without consideration obtained his deed of April 8, 1872, from Sarah M. Stratton, and that as against the defendant the deed of R. E. Stratton and Sarah M. Stratton, to James I. Patton, was and is valid, and of binding force. That the defendant's said deed was fair upon its face, and it was the only evidence of title upon which the defendant recovered upon his action at law, and is the only evidence of title that the defendant ever claimed to said premises, and his insisting upon and claiming said title was and is a fraud, and the defendant ought not to be allowed to plead that he was entitled to any rents or profits by reason of said fraudulent deed, or by reason of any judgment through said deed."

That all the above reply, beginning with the words "Plaintiff avers," was stricken out by the court on motion of respondent's attorneys, on the ground that the same was "sham, frivolous, and redundant."

Thereafter the court found that the respondent was entitled to judgment for his costs and disbursements.

*A. C. Gibbs, E. W. Bingham, and Herman & Ball,* for appellant.

*W. R. Willis,* for respondent.

By the Court, BOISE, J. :

From this statement of the case, it appears that during the time for which the plaintiff claims the rents and profits of the land and damages, the defendant was in possession of the premises as the legal owner of the title, which had been adjudged to him by a judgment in an action by the defendant herein against the plaintiff; that afterwards, on the said sixteenth day of February, 1878, said plaintiff herein obtained a decree against the defendant, declaring plaintiff to be the owner in equity, and directing a conveyance of the title to the plaintiff by the defendant. That decree found that the defendant was the trustee of said title for the plaintiff, and if the said trustee had received the rents and profits of the land while he held it in trust, he could have been called on to account for the same in that suit in equity. (2 Story's Eq. sec. 794, 795; 1 Perry on Trusts, sec. 17; *Starr* v. *Stark*, decided by this court April 22, 1879.) Such was certainly the proper and most convenient remedy for the determination of the damages, and value of the rents and profits received by the trustee, which were incidental to the suit by the plaintiff to settle his rights to the title to the land.

It is claimed by the plaintiff that although he might have obtained the rents, profits, and damages for taking the growing crop in said suit in equity, he may now maintain this action. We think that the defendant, being the legal owner of the land at the time he received these rents and profits, had then the legal right to receive them. And as he was then the trustee of the plaintiff as to the title to the land, he received the rents and profits for the use of plaintiff as his (plaintiff's) trustee, and was liable to account to him for them. And as no account has been taken and stated of the amount of these rents and profits, it is still an open trust. (Perry on Trusts, sec. 843.) And no action at law can be maintained against a trustee by his *cestui que trust* before a final account is settled and a balance struck.

It is claimed by the plaintiff that an action can be maintained in this case because the entry on the land was

wrongful. To make the entry wrongful, it must have been unlawful. The judgment in favor of the defendant in the action for the possession of the land conclusively proves that his entry on the land was lawful, and he can not be treated as a trespasser. And the decree in the case in equity determines that he was the trustee of the legal title, and we do not think that we can now go into the question as to the manner in which he obtained the legal title, or the evidence by which he proved it, for his right thereto is conclusively established by the judgment which still stands unimpeached by the decree in *Starr* v. *Stark*, above cited.

That part of the replication which was stricken out seeks to put in issue the validity of the deed by which he proved his title in that case. This can not now be done, for it would be opening that case and trying it over again between the same parties. So we think there was no error in the ruling of the court in striking out this part of the replication.

It will not be necessary to go further into the questions discussed in this case, for, as we hold that the defendant was the trustee of the plaintiff, while he is charged with having held the premises, the plaintiff can not recover damages for withholding them in an action at law.

The judgment of the circuit court will be affirmed.