## HILL *v.* COOPER.

EVIDENCE—RENTS AND PROFITS.—It is competent to show the amount of rents and profits received in a suit therefor, by proving the use and occupation of the premises by the party sought to be charged, and the fair annual value of the same.

APPEAL from Douglas County.

*Herman & Ball*, for appellant.

*William R. Willis*, for respondent.

By the Court, WATSON, J.:

The appellant brought this suit to recover the sum of $1,500, which he claimed the respondent had received as rents and profits from a certain tract of land in Douglas county, from June 3, 1873, to February 16, 1878, while he held the equitable title, but respondent had the legal title and actual possession. The appellant obtained a decree for $400 and costs. Both parties have appealed. We deem the appellant's right to recover in this suit, whatever amount the evidence shows the respondent to have received as rents and profits during the period mentioned, as settled by the opinion of this court in *Hill* v. *Cooper*, (the same parties) 8 Or., 254.

And we are satisfied further, that evidence of occupation and use by respondent of the premises in controversy, to-

gether with evidence of the annual rental value thereof, was competent upon the question as to the amount of rents and profits received by him. If the respondent received the benefits from such use and occupation directly, he is as properly chargeable with their value as he would be for rents received or crops harvested therefrom. And the annual rental value is *prima facie*, at least, the value of such benefits. (3 Phillips on Ev., 623; 1 Sedgwick on Damages, (7 Ed.) 251; 15 Wall., 625.) We do not deem it necessary to enter into any particular discussion of the evidence. We are satisfied that it warrants the decree. The amount may not be entirely accurate, but perfect accuracy would be impossible upon the state of the evidence in the case; the decree is, however, in substantial accordance with our own deductions from the evidence, and we are satisfied to affirm it. And as both parties have appealed, we think neither should be allowed costs.

Decree affirmed.