Argued 16 April, decided 16 July, 1907.

### BURNS v. KENNEDY.

90 Pac. 1102.

Quieting Title—Fraud—Effect of Deed Not Delivered But Seized.

1. Where a deed has not been delivered, a purchaser from the grantee therein cannot obtain any title, though entirely innocent, since no title whatever passes without delivery. In case of a deed obtained through fraud, yet intended to be delivered, there would still be a delivery, and thereby the title; but without a delivery no title is transferred.

Conclusiveness of Judgment in Forcible Detainer—Quieting Title.

2. A judgment in forcible entry or detainer does not bar a suit to cancel a deed, to quiet the title or remove a cloud.

Abatement—Transfer During Litigation—Substitution of Parties.

3. Under Section 38, B. & C. Comp., declaring that no action shall abate by the transfer of any interest therein if the cause of action continue, a conveyance of his interest by the plaintiff in a suit to quiet title, made during the pendency of the case, does not abate the suit, or require the purchaser to be substituted on the record.

Facts Showing Deed Not to Have Been Delivered.

4. Defendant K and wife, having conveyed property to plaintiff, represented that there was a mistake in the deed, whereupon the wife insisted that plaintiff reconvey to her, she agreeing to execute to plaintiff another deed to the property. Plaintiff consented, and proceeded to have the two deeds drawn correcting the mistake. He and his wife executed their deed, but before K's wife would sign hers she asked to take plaintiff's out and read it to her husband, who was then in the building or at the door. Instead of doing so she took it away and had it recorded, and at once conveyed the property to defendant H. Held, that a complaint in a suit to quiet title, charging such facts, affirmatively shows that there was no delivery of plaintiff's deed intended to pass title, consequently no title was obtained by the last grantee or any subsequent purchaser.

From Curry: James W. Hamilton, Judge.

Statement by Mr. Justice Eakin.

This is a suit by E. B. Burns against Frances M. Kennedy and husband and R. D. Hume to quiet the title to a lot in Gold Beach. There was a decree for plaintiff, and defendant appeals. Plaintiff, being in possession of the lot in question under a lease

and option to purchase did, on February 20, 1902, purchase from the defendant Mrs. Kennedy an undivided half interest therein, and on that day she conveyed the same to him. Thereafter, on May 16, 1902, she came to Burns, claiming that there was an error in the deed, in that it conveyed the whole of the property instead of one-half. The description in the deed was for the whole property, but the covenant of ownership and warranty was for only one-half thereof, and she insisted that Burns reconvey to her and she would execute to him the proper deed, to which Burns consented, and who then and there proceeded to have two deeds drawn—one from himself and wife to Mrs. Kennedy, and one from Mrs. Kennedy and husband to Burns, correcting the description. Burns and wife then and there executed their deed, and before Mrs. Kennedy would sign hers she asked to take the Burns deed and read it to her husband, who was then in the building or at the door, but, instead of doing so, took the deed away and had it recorded, and proceeded at once to convey the property to defendant Hume. The complaint alleges fraud and conspiracy on the part of all the defendants to procure the title from Burns and convey it to Hume, and also alleges want of delivery of said deed by Burns to Mrs. Kennedy, and that therefore the same conveyed no title to Mrs. Kennedy, and prays for the cancellation of said deed and to quiet plaintiff's title. After the demurrer to the complaint was overruled, answers were filed, and, pending trial, a supplemental answer was filed, by which defendant Hume alleges in bar a judgment in forcible entry and detainer in the justice's court in his favor for said property, and, as a second defense, alleges that since the commencement of the suit Burns has conveyed away all his interest therein, to which supplemental answer a demurrer was filed and sustained. Thereafter decree was rendered for plaintiff on the findings, and R. D. Hume appeals.                              AFFIRMED.

For appellant there was a brief with oral arguments by *Mr. Robert Harmer Countryman* and *Mr. W. C. Hale.*

For respondents there was a brief over the names of *Hall & Hall* and *Michael G. Munly,* with oral arguments by *Mr. John F. Hall* and *Mr. Munly.*

Opinion by MR. JUSTICE EAKIN.

1. Defendant insists upon the demurrer to the complaint, in that it does not sufficiently allege the conspiracy or fraud, but the complaint is not fatal to the demurrer. It alleges want of delivery of the deed from Burns to Kennedy, which is alone a sufficient ground for recovery. It does allege fraud on the part of Kennedy; and, if the defendant Hume took title with notice of such fraud or of such facts as would charge him with notice, it is also sufficient on the ground of fraud whether there was conspiracy or not, and the facts for such issues are sufficiently alleged. It is only necessary that the intent appear from the facts alleged; and the complaint does set forth expressly the purpose on the part of Mrs. Kennedy to obtain the title from defendant. Mrs. Kennedy's possession of the deed did not make her a trustee, nor amount to a title obtained by fraud. In such a case the title would pass, but here the complaint alleges want of delivery of the deed, and hence no title would pass; and even though Hume were an innocent purchaser for value, yet he would acquire no title. This distinction is clearly stated by Mr. Chief Justice BEAN in *Allen* v. *Ayre,* 26 Or. 589, 594 (39 Pac. 1). Hence the demurrer was properly overruled.

2. Plaintiff demurs to the supplemental answer. A judgment in forcible entry and detainer cannot bar a suit to cancel a deed, quiet title or remove a cloud, and does not constitute a defense: *Starr* v. *Stark,* 7 Or. 500; *Hill* v. *Cooper,* 8 Or. 254.

3. The second defense therein is equally without merit. Section 38, B. & C. Comp., provides:

"No action shall abate * * by the transfer of any interest therein, if the cause of action * * continue."

This section was construed in *Elliott* v. *Teal,* 5 Sawy. 188 (Fed. Cas. No. 4,389), decided in 1878, in which it was held that, where *pendente lite* plaintiff conveyed all his interest in the subject of the litigation to another, the action should not abate, but be continued in the name of the original plaintiff. The same ruling was made in *French* v. *Edwards,* Fed. Cas. No. 5,097, under the California statute, and in 1898 Judge

GILBERT, in *Dundee Mortgage Co.* v. *Hughes* (C. C.) 89 Fed.
182, again construes this section to the same effect.  In *Merriam*
v. *Victory Min. Co.* 37 Or. 321, 329 (60 Pac. 997), it is sug-
gested by Mr. Justice BEAN that it is doubtful whether a trans-
fer by plaintiff made *pendente lite* of his interest in the subject
of the suit necessitates the substitution of the transferee—citing
*Elliott* v. *Teal.*  And in *Culver* v. *Randle,* 45 Or. 491, 494 (78
Pac. 394), Mr. Chief Justice MOORE cites *Elliott* v. *Teal* with
approval, where the question arose as to such a substitution after
judgment·for the purpose of appeal.  See, also, *Moss* v. *Shear,*
30 Cal. 467, 475; *Camarillo* v. *Fenlon,* 49 Cal. 202.  We con-
sider, however, that the language of the statute (Section 38)
is clear and decisive upon this question, and that the facts stated
constitute no defense, and that the demurrer was properly sus-
tained thereto.

4. At the trial Mrs. Kennedy does not testify.  Her husband
admits in effect that there was an understanding between him-
self and wife that she should get the deed from Burns and con-
vey the property for an increased price to Hume, with whom he
had been negotiating for such sale.  Plaintiff's witnesses make it
clear that there was no delivery of the deed.  The two deeds
were prepared then and there while Mrs. Kennedy was present
—one from Burns and wife to Mrs. Kennedy, and one from
Mrs. Kennedy and husband to Burns.  Burns and wife executed
their deed, and before Mrs. Kennedy would· execute hers she
asked to take the Burns deed and read it to her husband, and
she would return it at once, and immediately went off with it
and had it recorded, and refused to return it.  This constitutes
no delivery, and she acquired thereby no right or title, nor
could she convey any to Hume.  It is insisted that in permitting
Mrs. Kennedy to take the deed Burns thereby delivered it, and,
though obtained fraudulently, it is sufficient to pass title to de-
fendant Hume; but here the two deeds were to be executed and
delivered simultaneously.  It was not an exchange of property
or of purchase, but an exchange of deeds to rectify a mistake,
and Burns had no intention of delivering his deed until he ob-
tained the other in exchange, and Mrs. Kennedy's taking up the

deed to read to her husband for verification establishes nothing against Burns. It is said in *Allen* v. *Ayre,* 26 Or. 589 (39 Pac. 1), to constitute delivery "it is essential that the grantor must consent either expressly or impliedly that the deed shall pass irrevocably from his control." In citing that case in *Tyler* v. *Cate,* 29 Or. 515, 524 (45 Pac. 803), where it was relied upon as authority upon the point that if the deed was obtained by fraud it would pass the title, Mr. Justice MOORE says: "Such is the law in some cases; for, if the grantor be induced by fraud, or any other means, to voluntarily deliver the deed to the grantee, the act manifests the assent of the grantor to the contract, and passes the title." To the same effect is *Allen* v. *Ayre;* but this statement has reference to a delivery intended as a delivery, though induced by fraud. But in this case there was no delivery intended as such, and Mrs. Kennedy acquired no title, and she could convey none to Hume, even though he were an innocent purchaser for value without notice. If his grantor had no title he could acquire none: *Allen* v. *Ayre,* 26 Or. 589 (39 Pac. 1); 1 Devlin, Deeds, § 267; *Henry* v. *Carson,* 96 Ind. 412, 422; *Everts* v. *Agnes,* 4 Wis. 356 (65 Am. Dec. 314).

Therefore the decree below is affirmed.          AFFIRMED.