On motion to dismiss appeal submitted January 13, appeal dismissed March 31, 1925.

## WESTERN LAND & IRRIGATION CO. ET AL. *v.* J. HUMFELD ET AL.

(234 Pac. 796.)

**Parties—Substitution of Party Plaintiff by Nunc Pro Tunc Order not Valid Without Proper Service.**

1. Substitution of party as successor in interest of plaintiff, in pending litigation by *nunc pro tunc* order, though not required under Section 38, Or. L., *held* invalid in absence of proper service of notice of motion on it, or any authority by it to be so substituted.

**Parties—Attempted Notice of Motion for Substitution of Party Plaintiff Insufficient.**

2. Notice of motion for *nunc pro tunc* order, substituting party for original plaintiff, *held* insufficient, since if such party was unwilling to become party, plaintiff's remedy was to make it party and cause summons to issue as provided by statute.

See (1) 31 Cyc. 486 (1926 Anno.).    (2) 31 Cyc. 486 (1926 Anno.).
1. See 20 R. C. L. 698.

From Umatilla: Gilbert W. Phelps, Judge.

In Banc.

December 14, 1918, the plaintiff Western Land and Irrigation Company brought a suit against the defendants in the Circuit Court for Umatilla County. W. G. Drowley and W. S. Levens were attorneys for the plaintiff. The suit came on for hearing January 4, 1921, on an amended complaint, amended answer and cross-complaint by defendant and appellant O. D. Teel and plaintiff's reply.

March 27, 1922, plaintiff's attorneys filed a motion and affidavit, omitting the formal parts, as follows:

"Western Land and Irrigation Company, a Corporation,

Plaintiff,

vs.

"O. D. Teel, J. Humfeld, T. A. Sutherland and Mortgage Company of America, a Corporation,

Defendants.

"Comes now the above named plaintiff, by W. G. Drowley, one of its attorneys, upon the record and files herein, and upon the annexed affidavits, and moves the court for the substitution of the Western Irrigation Company as plaintiff herein in lieu and in place of Western Land and Irrigation Company, above named.

"(Signed)   W. G. Drowley,
"W. S. Levens,
"Attorneys for Plaintiff.

"I, W. G. Drowley, being first duly sworn, say that I am one of the attorneys for the above named plaintiff; that since said suit was instituted and while it has been pending all the rights of the Western Land and Irrigation Company in and to the cause of action of plaintiffs set out in the complaint have been sold, assigned, transferred, and set over unto the Western Irrigation Company, which is now the owner and holder thereof, and is the real party in interest herein.

"(Signed)   W. G. Drowley.

"Subscribed and sworn to before me this 16th day of December, 1921.

"(Seal of Circuit Court.)

"(Signed)    R. T. BROWN, Clerk."

The motion was granted but not entered at that time. On April 26, 1924, on motion of defendant, O. D. Teel, and stipulation signed by plaintiff's attorney, W. G. Drowley, the court entered an order of substitution *nunc pro tunc* as of March 27, 1922, substituting the Western Irrigation Company for Western Land and Irrigation Company. In the meantime, and in September, 1919, the Central Trust and Safe Deposit Company instituted a foreclosure suit to foreclose a trust deed, executed and acknowledged by the plaintiff Western Land and Irrigation Company, in the District Court of the United States for the District of Oregon at Portland. W. G. Drowley and S. C. Roettinger appeared of record as attorneys for the Trust Company and trustee.

Said foreclosure suit was prosecuted to a decree and sale, and all of the property of the plaintiff Western Land and Irrigation Company was sold by the receiver of said plaintiff and purchased by the Central Trust and Safe Deposit Company in December, 1921.

The Western Irrigation Company, a corporation organized under the laws of Ohio, purchased all of said property from the Central Trust and Safe Deposit Company in December, 1921. The order, substituting the Western Irrigation Company as plaintiff in lieu and in place of the Western Land and Irrigation Company, was never served upon the said Western Irrigation Company. No summons, other order or process of any kind was ever served upon said Western Irrigation Company requiring it to appear in the cause, and said Western Irrigation Company never did appear therein.

April 24, 1924, about 6 o'clock in the evening W. S. U'Ren, one of the attorneys for the defendant, O. D. Teel, prepared and mailed to F. B. Swayze, admitted to be the attorney in fact, for the purpose of service of process within the State of Oregon, on the said Western Irrigation Company, the following notice, addressing the same to Echo, Oregon:

"Western Land and Irrigation Company, a Corporation,

Plaintiff,

vs.

O. D. Teel, J. Humfeld, T. A. Sutherland and Mortgage Company of America, a Corporation,

Defendants.

"Notice of Motion to Amend by Interlineation.

"To F. B. Swazy, Attorney-in-Fact for the Western Irrigation Company, a Corporation Organized Under the Laws of Ohio, and to W. G. Drowley, Attorney for Plaintiff Above Named and for said Western Irrigation Company:

"Please take notice that at the incoming of the Court at 9:30 A. M. defendant, O. D. Teel, by his attorneys, James A. Fee and W. S. U'Ren, will move the Court for permission to amend said defendants' motions for a *nunc pro tunc* order substituting the Western Land Company for the original plaintiff above named by interlineation of the word 'Irrigation' and erasing the word 'Land' wherever the same occurs in the above motion and in the title of the substituted plaintiff, so that it shall read 'Western Irrigation Company' instead of 'Western Land Company,' and to make such change by interlineation in their motions for an order re-referring said cause to J. S. Beckwith to take further testimony in the above entitled suit and in their supplemental answer and cross-complaint, copies of which were served upon said W. G. Drowley at Vancouver, Washington, on the 22nd day of April, 1924.

"W. S. U'REN,

"One of the Attorneys for Defendant and Cross-complainant, O. D. Teel."

The stipulation, referred to, is in words and figures as follows:

"Western Land and Irrigation Company, a Corporation,

Plaintiff,

vs.

O. D. Teel, J. Humfeld, T. A. Sutherland and Mortgage Company of America, a Corporation,

Defendants.

"Stipulation.

"It is hereby stipulated and agreed by and between W. G. Drowley, attorney for the above named plaintiff, and James A. Fee, and W. S. U'Ren, attorneys for the defendant, O. D. Teel, that in accordance with the motion for substitution of plaintiff filed herein on the 27th day of March, 1922, during the taking of testimony herein that the Western Irrigation Company, a corporation, organized under the laws of the State of Ohio, be substituted as plaintiff for the Western Land and Irrigation Company the original plaintiff and that a *nunc pro tunc* order of substitution be entered as of said 27th day of March, 1922, and that the record be corrected and wherever the name 'Western Land Company' appears that there be substituted therefor the name 'Western Irrigation Company.'

"It is further stipulated that the findings of fact, conclusions of law and decree signed and entered herein on the 28th day of April, 1923, be cancelled, vacated and annulled and said decree set aside and held for naught, without right of either party to file further pleadings or motions pending the signing and filing of findings and decree herein.

"W. G. DROWLEY,

"Attorney for Plaintiff.

"W. S. U'REN,

"JAMES A. FEE,

"Attorneys for Defendant, O. D. Teel."

The Western Irrigation Company has moved to dismiss the appeal of the defendant, O. D. Teel, for the reason:

"that it at no time has ever petitioned or otherwise moved to be substituted as a party plaintiff in this suit and has never consented to or acquiesced in any purported or pretended substitution or order of substitution of itself for plaintiff in the place and stead of the Western Land and Irrigation Company, and it has never appeared in said suit or authorized any person whomsoever to appear for it therein, or to make any appearance in its behalf; that no process of any kind or nature has ever been served upon it; that W. S. Levens at no time has been its attorney or authorized to accept service of any process, notice of appeal or other papers in said suit, or to act for it on its behalf; that no notice of appeal has ever been served upon it or any one of its agents or attorneys, officers or employees; that it has never had or maintained any office or place of business at Echo, Oregon; that neither the Circuit Court of the State of Oregon for Umatilla County, or the Supreme Court of the State of Oregon, has ever had jurisdiction over it or its properties or business."

Said motion is supported by the affidavits of F. B. Swayze, W. S. Levens, Robert F. Maguire, J. R. Raley and W. G. Drowley. Said motion is opposed by the defendant and appellant, O. D. Teel, and his opposition is supported by the affidavits of his attorneys James A. Fee and W. S. U'Ren.

The notice of appeal was served on said W. S. Levens one of the attorneys for the Western Land and Irrigation Company. W. G. Drowley, the other attorney for said plaintiff, is not a resident of the State of Oregon.                MOTION ALLOWED.

For the motion *Mr. W. S. Levens, Mr. W. G. Drowley, Messrs. Winter & Maguire, Messrs. McCamant,*

*Bronaugh & Thompson, Messrs. Raley, Raley & Steiwer, Contra, Mr. W. S. U'Ren* and *Mr. James A. Fee.*

COSHOW, J.—1. The sole reason for the attempt to substitute the Western Irrigation Company for the plaintiff Western Land and Irrigation Company is that the former succeeded to all of the property of the latter pending the litigation. It will be kept in mind that the property of the Western Land and Irrigation Company was sold on a foreclosure decree pending the above-entitled suit. The Western Irrigation Company bought that property from the purchaser thereof at the foreclosure sale. The statute of this state does not require the substitution of a purchaser of the property involved in a litigation while that litigation is pending: Section 38, Or. L.

In *Burns* v. *Kennedy,* 49 Or. 588 (90 Pac. 1102), pages 590 and 591 of the official report, we find this language:

" 'No action shall abate * * by the transfer of any interest therein, if the cause of action * * continue.' "

"This section was construed in *Elliott* v. *Teal,* 5 Sawy. 188 (Fed. Cas. No. 4389), decided in 1878, in which it was held that, where *pendente lite* plaintiff conveyed all his interest in the subject of the litigation to another, the action should not abate, but be continued in the name of the original plaintiff. The same ruling was made in *French* v. *Edwards,* Fed. Cas. No. 5,097, under the California statute, and in 1898, Judge GILBERT, in *Dundee Mortgage Co.* v. *Hughes* (C. C.), 89 Fed. 182, again construes this section to the same effect. In *Merriam* v. *Victory Min. Co.,* 37 Or. 321, 329 (60 Pac. 997), it is suggested by Mr. Justice BEAN that it is doubtful whether a transfer by plaintiff made *pendente lite* of his interest in the subject of the suit necessitates the substitution

of the transferee—citing *Elliott* v. *Teal.* And in *Culver* v. *Randle,* 45 Or. 491, 494 (78 Pac. 394), Mr. Chief Justice MOORE cites *Elliott* v. *Teal* with approval, where the question arose as to such substitution after judgment for the purpose of appeal.  See, also, *Moss* v. *Shear,* 30 Cal. 467, 475; *Camarillo* v. *Fenlon,* 49 Cal. 202.  We consider, however, that the language of the statute (Section 38) is clear and decisive upon this question, and that the facts stated constitute no defense, and that the demurrer was properly sustained thereto." *Auto Dispatch Co.* v. *Cauldwell,* 67 Or. 301 (135 Pac. 880).

But waiving that question, we are of the opinion that the Circuit Court was without jurisdiction to render or enter the order of substitution relied upon by the defendant O. D. Teel.  The proper procedure, for the substitution of the parties, is outlined in detail in *White* v. *Johnson,* 27 Or. 282, 286 (40 Pac. 511, 50 Am. St. Rep. 726).  No person or corporation can involuntarily be made a party to a litigation unless duly served with summons, or its equivalent.  We entertain no doubt at all of the good faith and intentions of the attorneys for defendant Teel.  But the record fails to disclose any authority at all for W. G. Drowley and W. S. Levens, attorneys for Western Land and Irrigation Company, appearing or representing the Western Irrigation Company.  The fact that the order of substitution was moved for by the attorneys for the plaintiff Western Land and Irrigation Company is not any evidence that those attorneys were authorized to represent the Western Irrigation Company.  Both of the said attorneys, in their several affidavits, affirm that neither of them was authorized to represent the Western Irrigation Company or pretended so to do.  It is not necessary that we inquire into the reason for their motion to make the substitution.  The West-

ern Irrigation Company could not be made a party to the pending litigation without being properly served as is clearly pointed out in *White* v. *Johnson,* above, unless that company voluntarily appeared, which it has not done.   The learned attorneys for the defendant Teel, and the learned circuit judge assumed that the Western Irrigation Company authorized the attorneys for the Western Land and Irrigation Company to move for the substitution. The record does not support the contention of the defendant, Teel, that the attorneys Drowley and Levens assumed to represent the Western Irrigation Company.   If in the opinion of the attorneys for any of the parties to that litigation the Western Irrigation Company was a necessary party, it should have been requested to become a party plaintiff.   If it was unwilling to become a party plaintiff, the remedy of the parties was to make it a party defendant and cause summons to be issued and served upon it in the manner provided by statute.   In no other way could the Western Irrigation Company be made a party to the proceeding.

2. The notice attempted to be served upon the Western Irrigation Company by W. S. U'Ren, as an attorney for the defendant Teel, was not sufficient even if it had been served to have made the Western Irrigation Company a party plaintiff.

The motion to dismiss the appeal in so far as the Western Irrigation Company is concerned is therefore allowed.

MOTION TO DISMISS ALLOWED AS TO WESTERN LAND AND IRRIGATION CO.

BEAN, J., took no part in the consideration of this case.