Argued at Pendleton May 4, appeal dismissed June 22, 1926.

# WESTERN LAND & IRRIGATION CO. ET AL. *v.* J. HUMFELD ET AL.

### (247 Pac. 143).

**Judgment—During Term Court may Amend or Vacate Judgment, but not Afterwards Except Under Section 103, Or. L., Unless Record Shows Court had No Jurisdiction.**

1. During term in which decree is rendered, court may amend or vacate it, but afterwards court cannot do so except by virtue of Section 103, Or. L., unless record shows that court had no jurisdiction to render the decree.

**Judgment—That Defendant's Attorney Submitted Findings to Court and Plaintiff, Who Made Objections, and was Informed by County Clerk That Decree had not Been Entered, and Assumed Court was Waiting to Hear Arguments, Does not Authorize Vacation of Decree on Ground of Mistake, Inadvertence, Surprise or Excusable Neglect (§ 103, Or. L.).**

2. That defendant's attorney submitted findings to court and to plaintiff, who made objections to them, and was informed by county clerk that findings had not been filed nor decree entered and assumed that court was waiting to hear arguments on objections, does not authorize court to vacate decree on ground of mistake, inadvertence, surprise or excusable neglect under Section 103, Or. L.

**Appeal and Error.**

3. Vacation without authority of law and re-entry of decree does not extend time for prosecuting appeal.

**Courts.**

4. Consent does not confer jurisdiction.

**Judgment—Court has No Jurisdiction to Vacate Decree After Expiration of Term Because Plaintiff and One Defendant Stipulated Therefor Against Interests of Other Defendants.**

5. Court has no jurisdiction to vacate decree after expiration of term because plaintiff and one of defendants stipulated therefor against interests of other defendants, as consent does not confer jurisdiction, and as plaintiff and one defendant could not stipulate away advantage of other defendants.

Appeal and Error, 3 C. J., p. 1055, n. 28, 29 New.
Courts, 15 C. J., p. 798, n. 62, p. 804, n. 7.
Judgments, 34 C. J., p. 207, n. 5, p. 210, n. 11, p. 212, n. 12, p. 215, n. 15, p. 217, n. 32, p. 307, n. 81.

1. See 15 R. C. L. 688.
3. See 2 R. C. L. 105.
4. See 7 R. C. L. 1039.

From Umatilla: GILBERT W. PHELPS, Judge.

In Banc.

APPEAL DISMISSED.

For appellant there was a brief over the name of *Mr. James A. Fee,* with an oral argument by *Mr. W. S. U'Ren.*

For respondent Western Land & Irrigation Company there was a brief over the names of *Mr. W. S. Drowley* and *Mr. W. S. Levens.*

For respondents J. Humfeld et al. there was a brief over the names of *Messrs. Raley, Raley & Steiwer* and *Messrs. McCamant, Bronaugh & Thompson.*

For respondent Western Irrigation Company there was a brief over the name of *Messrs. Winter & Maguire.*

PER CURIAM.—This suit was instituted December 14, 1918, to recover from the defendant O. D. Teel the sum of $2,429.25 for water theretofore furnished to said Teel for irrigation. The suit was tried on an amended complaint and amended answer of the defendant O. D. Teel. The defendants Humfeld, Sutherland and Mortgage Company of America were made parties because they had or claimed some interest in the land sought to be subjected to a lien for the recovery of said sum of money. The suit was referred to a referee to take testimony with the consent of all the parties. On the twenty-seventh day of March, 1922, upon the motion of plaintiff's attorney, the Western Irrigation Company, an Ohio

118 Or.—27

corporation, was ordered to be substituted as plaintiff instead of Western Land and Irrigation Company. The order of substitution was not entered. Thereafter and on the twenty-sixth day of April, 1924, on motion of attorneys for defendant O. D. Teel, this order was entered *nunc pro tunc* as of March 27, 1922. On the twenty-eighth day of April, 1923, the court rendered a decree which was duly entered on that date. On the twenty-first day of April, 1924, the defendant O. D. Teel moved to have said decree vacated and for permission to file an amended supplementary answer, also to have the case re-referred for taking additional testimony. This motion was granted for the purpose of vacating the decree upon stipulation of the attorneys for Western Land and Irrigation Company and for O. D. Teel, and denied in all other respects. The decree was then re-entered on April 26, 1924. The defendant O. D. Teel attempts to appeal from the decree.

When the case was brought to this court, attorneys for Western Irrigation Company moved to dismiss as to that company. The motion was granted: *Western Irr. Co. et al.* v. *Humfeld*, 114 Or. 53 (234 Pac. 796).

1. Notwithstanding the order of substitution was made, the decree as entered retained the Western Land and Irrigation Company as party plaintiff. The record in this court shows that the same decree entered in April, 1923, was not changed in any respect except as to the date. The date on the original decree was changed from April 28, 1923, to April 26, 1924. During the term in which the judgment of the decree is rendered, the court may amend or vacate the decree. But after the expiration of that term the court has no authority to modify or vacate a judgment or decree except by virtue of Section 103,

Or. L., unless it appears from the record of the case that the court was without jurisdiction to render the judgment or decree: *Alexander* v. *Ling,* 31 Or. 222, 224 (50 Pac. 915); *Carmichael* v. *Carmichael,* 101 Or. 172, 179 (199 Pac. 385). The term of court in which the decree was rendered and entered had long expired before the application was made to vacate it. The Western Irrigation Company which the court attempted to substitute for the original plaintiff Western Land and Irrigation Company had not appeared in the suit and was not subject to the jurisdiction of the court: *Western Land & Irr. Co.* v. *Humfeld et al.,* 114 Or. 53 (234 Pac. 796.)

2, 3. The defendant O. D. Teel in his application to have the decree vacated sets up by affidavit facts which were intended to bring his application within the terms of Section 103, Or. L. These facts are that at the request of the Circuit Court his attorneys had prepared findings and conclusions and submitted them to the court serving a copy thereof upon the plaintiff Western Land and Irrigation Company. The Western Land and Irrigation Company made objections to some of the findings. Attorney for defendant Teel made inquiry of the county clerk about the matter and was informed that the findings and conclusions had not been filed or the decree entered. Attorney for Teel assumed that the Circuit Court was waiting to hear arguments on the objections to the findings and conclusions. He did not examine the court records or the files in the case. The record shows the findings and conclusions were filed, and the decree entered on the twenty-eighth day of April, 1923. Had the attorney investigated these records, he would have discovered the decree. The facts set up in the affidavit are not sufficient to have authorized

the court to vacate the original decree: *Haas* v. *Scott et al.,* 115 Or. 580, 587 et seq. (239 Pac. 202). The vacation and re-entry of the decree did not extend the time for prosecuting an appeal to this court: *Oxman* v. *Baker County,* 115 Or. 236 (234 Pac. 799, 236 Pac. 1040).

4. To entertain jurisdiction of this cause would be tantamount to nullifying the statute fixing the time in which appeals from the decrees of Circuit Courts may be taken to this court. The term of the Circuit Court in which the original decree was rendered having expired that court was without jurisdiction to vacate the decree. It is elementary that consent does not confer jurisdiction. The stipulation of counsel amounts to no more than consent.

5. The defendants T. A. Sutherland and J. Humfeld are successors in interest to defendant O. D. Teel to a large part of the land sought to be subjected to a lien by plaintiff Western Land and Irrigation Company. The defendant American Mortgage Company of America has mortgages against the several tracts owned by said defendants Sutherland and Humfeld. Defendants Sutherland, Humfeld and said Mortgage Company, answered together, denying most of the allegations in the amended complaint and setting up two affirmative defenses. These three defendants were not parties to the stipulation for the vacation of the original decree. They are interested parties. They did not pray for affirmative relief. Their prayer to be dismissed was in effect granted by refusing the relief asked for by plaintiff, and were interested in maintaining the decree. Plaintiff and defendant O. D. Teel could not stipulate away the advantage the other defendants had in that decree.

This is an additional reason why the Circuit Court was without jurisdiction to vacate the original decree.

This appeal is dismissed because this court is without jurisdiction to entertain it.

APPEAL DISMISSED.

BEAN, J., took no part in this decision.