Argued April 28, motions to dismiss as to appellants Duris et al allowed; motions to dismiss as to appellants Pay Less Properties Corporation denied June 2, reconsideration denied July 2, petitions for review denied September 3, 1975

TIERNEY ET AL, *Respondents, v.*
DURIS ET AL (Nos. 33-834 and 33-943), *Appellants.*

536 P2d 431

See also, Or App 536 P2d 435.

*J. D. Bailey,* Hillsboro, argued the cause for appellants Duris et al; *Robert J. Miller,* Portland, argued the cause for appellant Pay Less Properties Corporation. With them on the briefs were Schwenn, Bradley, Batchelor & Bailey, Hillsboro; and Black, Kendall, Tremaine, Booth & Higgins, Portland.

*Thomas J. Moore,* Hillsboro, argued the cause for respondents. With him on the brief were Brink & Moore; and David G. Frost, Hillsboro.

Before SCHWAB, Chief Judge, and LANGTRY and TONGUE, Judges.

SCHWAB, C. J.

These are appeals from judgments in writ of review proceedings involving amendments to the Hillsboro comprehensive plan and zoning ordinance. We here deal with a motion to dismiss the appeals.

Defendant Pay Less Properties Corporation (hereinafter Pay Less) applied for the amendments in question. The other defendants, the members of the city council (hereinafter Duris), approved the requested amendments. Plaintiffs (hereinafter Tierney) then initiated these writ of review proceedings seeking to have the amendments invalidated.[1] Tierney prevailed on all issues in the circuit court. Pay Less and Duris filed separate notices of appeal. Tierney moves to dismiss the appeals on the grounds that the notices of appeal were not timely filed.[2]

The chronology of events giving rise to this contention is as follows:

March 19, 1974: Circuit court filed a memorandum opinion resolving all issues in favor of Tierney.

---

[1] Though two proceedings are involved, though the circuit court entered two judgments, and though appeals have been filed in both cases, for simplicity we will discuss them in the singular.

[2] We previously denied Tierney's motion to dismiss with leave to renew in brief and oral argument. Tierney has renewed the motion to dismiss.

March 26: Tierney submitted proposed judgment and findings to the circuit court.

April 3: Judgment entered in favor of Tierney.

April 5: Pay Less and Duris filed objections to the proposed form of the judgment submitted by Tierney on March 26.

April 12: Pay Less and Duris filed a motion for a new trial.

May 21: The circuit court entered the following order:

> "The court upon its own motion hereby finds that judgment was entered against the defendants herein on April 2, 1974 [sic—April 3] through their surprise and hereby sets aside that certain judgment heretofore entered in this matter on the 2nd day [sic—3rd day] of April, 1974."

May 22: The circuit court entered: (1) a new judgment virtually identical to that entered on April 3; and (2) an order denying Pay Less's and Duris's motion for a new trial and their objections to the proposed form of judgment.

May 28: Pay Less filed notice of appeal.

May 31: Pay Less filed amended notice of appeal.

June 7: Duris filed notice of appeal.

Tierney moves to dismiss the appeals filed by Pay Less and Duris on the ground that they were not filed within the time allowed by ORS 19.026,[9] arguing

---

[9] ORS 19.026 provides in pertinent part:

"(1) Except as provided in subsections (2) and (3) of this section, the notice of appeal shall be served and filed within 30 days after the entry of the judgment appealed from.

"(2) Where any party has served and filed a motion for a new trial * * * the notice of appeal of any party shall be served and filed within 30 days from the earlier of the following dates:

"(a) The date of entry of the order disposing of the motion."

that "the only valid Judgment entered in this cause" was the one entered on April 3, 1974. This motion requires resolution of the following points: (I) the effect of the filing of objections to the proposed form of judgment, after entry of judgment, on the time within which a notice of appeal must be filed; (II) the effect of the filing of a motion for a new trial, in a writ of review proceeding, on the time within which a notice of appeal must be filed; and (III) the validity of the May 21 order setting aside the April 3 judgment and the entry of a new judgment on May 22.

I

If the objections to the proposed form of the judgment filed on April 5 by Pay Less and Duris are to be considered objections to special findings[4] under ORS 17.431—and it appears that the circuit court and all parties considered them as such—then it is possible that the circuit court was premature in entering judgment as early as April 3. But it is also evident that ORS 17.431(4)(c) provides a remedy in such situations. ORS 17.431 provides in pertinent part:

"(3) Within 10 days after the court has made its decision, any special findings requested by any party, or proposed by the court, shall be served upon all other parties who have appeared in the case and shall be filed with the clerk; and any such other party may, within 10 days after such service object to such proposed findings or any part thereof * * *. Any such objections or requests for other, different or additional special findings shall be heard and determined by the court within 30 days after the date of the filing thereof; and, if not so heard and determined, any such objections and requests for such other, different or additional special findings shall conclusively be deemed denied.

[4] We assume, as the parties did below, but do not here decide, that it is permissible to enter ORS 17.431 special findings in a writ of review proceeding.

"(4) Upon * * * (c) the expiration of the time at which such objections or requests are deemed denied, the court shall enter the appropriate order, judgment or decree. Any such judgment or decree filed prior to the expiration of the periods above set forth shall be deemed not entered until the expiration of said periods."

■ Tierney's proposed judgment was submitted and served on March 26. Pay Less's and Duris's objections to its form were filed on April 5, within the 10-day period allowed under ORS 17.431(3). That the filing of the objections happened to occur, because of the possibly premature entry of judgment by the circuit court, after the entry of judgment, rather than before, cannot deprive the court of the 30-day period allowed to it under ORS 17.431(3) within which to consider and rule on the objections. Thus, since the circuit court did not consider or rule on the objections within the time required by ORS 17.431(3), under the last sentence of ORS 17.431(4)(c) the judgment actually entered on April 3 "shall be deemed not entered" until May 7, 1974.[9]

Our consideration of this first point disposes of the motion to dismiss as to Pay Less. Since the judgment entered on April 3 must, under ORS 17.431(4)(c), be deemed to have been entered on May 7, the notice of appeal filed by Pay Less on May 28, and the amended notice of appeal filed on May 31, were within the 30-day period prescribed in ORS 19.026.

II

■ If the motion for a new trial filed by Pay Less and Duris on April 12, 1974 was an appropriate motion in a writ of review proceeding, then the time

---

[9] The thirtieth day after April 5—the date that the objections were filed—May 5, fell on a Sunday. The 30-day period thus did not expire until the end of May 6, and so the judgment of April 3 cannot, under ORS 17.431(4), be deemed to have been entered prior to May 7.

within which a notice of appeal could be filed would be extended in this case, under ORS 19.026(2)(a), to June 21, or 30 days following the entry of the order denying the motion for a new trial. But we conclude that, in general, a motion for a new trial has no place in a writ of review proceeding, so the circuit court's order of May 22 denying such a motion in this case must be considered to have no bearing on the time within which a notice of appeal must be filed under ORS 19.026.

There may be infrequent occasions when a writ of review proceeding requires an evidentiary hearing in circuit court.[6] In general, however, in a writ of review proceeding a circuit court does not sit as a trial court, but rather, in effect, as an appellate court reviewing the record made before an inferior tribunal.[7] Thus, in most writ of review cases, as in this one, the circuit court does not conduct a "trial"; therefore, a "motion for a new trial"[8] is inappropriate. The filing

---

[6] In Duddles v. City Council of West Linn, 21 Or App 310, 535 P2d 583 (1975), we held that evidentiary hearings would be required to resolve standing questions in writ of review proceedings. Moreover, ORS 34.040(2) authorizes review, by way of a writ of review proceedings, of allegations that an inferior tribunal "failed to follow the procedure applicable to the matter." Since this language was added to ORS 34.040(2), Oregon Laws 1973, ch 561, § 1, p 1262, we have not had occasion to consider whether it is limited to procedural error apparent on the face of the record, or whether it includes procedural error not of record, such as, for example, prohibited ex parte contracts. If the latter construction is adopted, this would be another instance where an evidentiary hearing would be necessary in a writ of review case.

[7] See, School Dist. No. 68 v. Hoskins et al, 194 Or 301, 240 P2d 949 (1952), overruled in part on other grounds, Meury v. Jarrell, 269 Or 606, 525 P2d 1286 (1974); Bechtold et all v. Wilson et all, 182 Or 360, 186 P2d 525, 187 P2d 675 (1947); Asher v. Pitchford, 167 Or 70, 115 P2d 337 (1941); Cookinham v. Lewis, 58 Or 484, 114 P 88, 115 P 342 (1911); Garnsey v. County Court, 33 Or 201, 54 P 539, 54 P 1089 (1898); Smith v. City of Portland, 25 Or 297, 35 P 665 (1894).

[8] ORS 17.605 provides:

"A new trial is a reexamination of an issue of *fact* in the same court after judgment." (Emphasis supplied.)

of such a motion when the circuit court had not conducted an evidentiary hearing does not affect the time within which a party must file a notice of appeal under ORS 19.026.

## III

Apart from the motion-for-a-new-trial question, if the circuit court's order setting aside its April 3 judgment and its entry of a new judgment on May 22 were proper actions, then the notice of appeal filed by Duris on June 7 would still be timely. We conclude, however, that the order purporting to set aside the April 3 judgment and the purported entry of a new judgment were not authorized, either by statute or under any inherent authority a circuit court might possess.

■ By the circuit court's recitation of "surprise" in its order of May 21, it apparently intended to act under ORS 18.160, which provides:

"The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

The cases are clear, however, that, whether operating under this statute or under such inherent authority as a circuit court may possess, an order setting aside a judgment may not be entered without good cause. The cases are also clear that "good cause" does not include extending the time within which a party might file a notice of appeal. *See, Morphet v. Morphet,* 263 Or 311, 502 P2d 255 (1972); *Clarkson v. Wong,* 150 Or 406, 42 P2d 763, 45 P2d 914 (1935); *Haas v. Scott et al.,* 115 Or 580, 239 P 202 (1925); *Tongue v. Brewster,* 35 Or 228, 58 P 38 (1899).

The facts in *Western Land etc. Co. v. Humfeld,*

118 Or 416, 247 P 143 (1926), appear to be almost on all fours with the facts in the present case. In *Western Land* the court concluded: "* * * The vacation and re-entry of the decree did not extend the time for prosecuting an appeal to this court * * *." 118 Or at 420. We likewise conclude the "vacation and re-entry" in this case did not extend the time for filing notice of appeal.

In conclusion, in order to give this court jurisdiction in this case, the defendants had to file notice of appeal by the end of the thirtieth day after May 7, the date when, under ORS 17.431(4)(c), the April 3 judgment must be deemed to have been entered, or by June 6, 1974. Since Duris's notice of appeal was not filed until June 7, the motion to dismiss the appeal as to them is allowed. *Gordon Creek Tree Farms v. Layne et al*, 230 Or 204, 210-11, 358 P2d 1062, 368 P2d 737 (1962). Since Pay Less's notice of appeal was timely, the motion to dismiss the appeal as to them is denied.

Motions to dismiss as to appellants Duris et al allowed; motions to dismiss as to appellant Pay Less Properties Corporation denied.