Argued March 28, affirmed as modified July 30, reconsideration denied September 13, petition for review denied October 30, 1979

In the Matter of the Marriage of
LUSSIER, *Respondent,*
*and*
LUSSIER, *Appellant.*

(No. 78-4-290, CA 12405)

597 P2d 1273

Arthur B. Knauss, Milwaukie, argued the cause for appellant. With him on the briefs was Redman, Carskadon & Knauss, Milwaukie.

James M. Gillis, Newport, argued the cause for respondent. With him on the brief was Litchfield, Macpherson, Carstens & Gillis, Newport.

[233]

Before Schwab, Chief Judge, and Thornton, Gillette and Campbell, Judges.

THORNTON, J.

## THORNTON, J.

Wife appeals from the financial provisions of a decree dissolving a 23-year marriage.

Wife objects to the following:

1) Giving husband his entire military retirement as his separate property.

2) Providing the $200 a month spousal support for wife shall terminate on wife's death or remarriage or on January 1, 1986, whichever should occur first.

3) Giving husband a $10,000 judgment against the family home.

4) Relieving husband of all expenses for the daughter's wedding and for refinancing the family home.

Five children were born to the marriage. There is no issue of custody or child support for the two minor children still residing at home.

Husband is a lab technician at Pacific Community Hospital in Newport. Wife is a cashier at the Veterans Hospital in Portland. Husband receives a military retirement benefit currently in the amount of $499 per month. He testified that his monthly net pay is $875; however, his net monthly pay for 1977 was $1,000 per month and his net pay as of the time of trial was over $1,000. He also testified that his monthly expenses were $950 but there was some evidence that they were less.

Wife was occupied chiefly as a housewife and mother until approximately 1973. At the time of the decree, wife was earning $600 a month net and her expenses were $934 a month. She will receive $370 a month federal retirement pay after 20 years' service. Neither has any health problems at present.

The family home which was awarded to wife was valued at approximately $60,000. The couple's equity was $31,000. The decree gave husband a judgment lien

of $10,000 with interest at six percent per annum against the home.

■ Based upon our *de novo* review of this record we conclude that spousal support for wife of $200 a month should be made permanent. Additionally, the provision in the decree making spousal support subject to the condition subsequent of remarriage is stricken. *Grove and Grove,* 280 Or 341, 355, 571 P2d 477, 280 Or 769, 572 P2d 1320 (1977). In all other respects the decree is affirmed.

■ Lastly, we conclude that wife's notice of appeal was timely inasmuch as it was filed within 30 days of the amended decree entered pursuant to stipulation of the parties. There is no contention that the stipulated decree was entered solely for the purpose of permitting a delayed appeal as in *Tierney v. Duris,* 21 Or App 604, 536 P2d 431, *rev den* (1975).

Affirmed as modified. No costs to either party.

**SCHWAB, C. J.,** dissenting.

I would affirm the decree without change.