Argued February 29, reversed March 13, rehearing denied June 5, 1928.

## JOHN METZGER, ADMINISTRATOR, v. AARON G. GUYNUP ET AL.

(265 Pac. 420.)

**Abatement and Revival—Action Does not Abate by Plaintiff Dying or Deeding Part of the Property Pending the Action (Or. L., § 38).**

1. Under Section 38, Or. L., action does not abate by death of plaintiff, or by plaintiff deeding part of the property involved while the action is pending, but it may be continued by plaintiff's administrator as to all the property.

**Deeds—Deed Without Consideration Held Shown Procured by Deceit and Fraud.**

2. Evidence in suit to cancel deeds, for which no consideration was given, *held* to show their procurance by deceit and fraud.

**Trusts—Grantee Procuring Deed by Misrepresentations With Intent to Deceive and Defraud is "Trustee Ex Maleficio."**

3. One who procures execution of a deed to him by misrepresentation with intent to deceive and defraud grantor will be held a trustee *ex maleficio.*

---

1. Survival of action and abatement and revival of action for deceit or false representation upon death of party, see note in 52 L. R. A. (N. S.) 885. See, also, 1 R. C. L. 45, 55. Survival to heir of equitable suit to set aside conveyance for cause, see notes in 2 A. L. R. 431; 33 A. L. R. 51. See, also, 1 R. C. L. 47.

3. See 26 R. C. L. 1236.

Abatement and Revival, 1 C. J., p. 143, n. 46, p. 179, n. 55, p. 220, n. 22.
Cancellation of Instruments, 9 C. J., p. 1183, n. 87, p. 1256, n. 12.
Judgments, 33 C. J., p. 1106, n. 58.
Trusts, 39 Cyc., p. 172, n. 32.

From Multnomah: George Tazwell, Judge.

Department 1.

This is an appeal from a decree in favor of defendants against David Weaver as plaintiff, who died since instituting this suit. The suit was instituted to cancel deeds executed and delivered to defendants by plaintiff on the ground that the deeds were procured from plaintiff by defendants through deceit and fraud and without consideration.

Plaintiff and A. G. Guynup were both old men, both veterans of the Civil War, and for several years were close personal friends. Plaintiff had lived at Gresham for about thirty years. He owned his home and his widowed sister resided with him and kept house for him. Defendant A. G. Guynup, then an unmarried man, desired to get lodging with plaintiff in the latter's home. Plaintiff's sister objected. For the alleged purpose of getting his abode in the dwelling that belonged to plaintiff and to circumvent the sister, defendant A. G. Guynup induced plaintiff to execute a deed in favor of said defendant but to retain the deed after showing it to his sister. After the execution of the deed and its exhibition to the sister to make her believe the property had been sold, plaintiff placed the deed with his other papers in a safety deposit box kept by him in the bank at Gresham. Thereafter, it was discovered that the description of one tract covered by the deed was erroneous, and two other deeds were made, one for the purpose of correcting that mistake and the other to correct a mistake made in the second deed. In the meantime, the defendant had married and the last deed was made to defendant and his wife as tenants by the entirety.

No consideration whatever was paid for the property described in the deed. The deed covered a tract of land at Gresham and also block 15 in Des Moines Addition to the City of Portland.

Some time after these transactions the plaintiff and defendant A. G. Guynup went to Roseburg, Oregon, for the purpose of applying for admisson into the Soldiers' Home. While there plaintiff purchased a dwelling near the said Home for his sister's convenience, paying $100 down and agreeing to send $1,100, the balance of the purchase price, to his vendor when he returned to Gresham. After returning to Gresham plaintiff and defendant A. G. Guynup went to the bank at Gresham where plaintiff procured his safety deposit box for the purpose of getting a certificate of deposit and having the balance of the purchase price sent to the realtor at Roseburg for the tract of land purchased at Roseburg. The plaintiff and defendant A. G. Guynup were left alone in the office of an officer of the bank when said defendant took the deed from plaintiff's hand and promised to return it in a short time, but instead of doing so placed it of record contrary to his agreement with plaintiff when the deed was executed.

Thereafter, for the alleged purpose of enabling said defendant Guynup to sell the property described in said deed, the corrections in the description referred to above were made under a promise to return the deeds or reconvey the property to plaintiff February 1, 1924, unless a sale was actually made. Defendant failed to make a sale and refused to reconvey the property but claimed to own it, whereupon this suit was instituted.

On November 1, 1924, the judge presiding at the trial indicated that he had decided the suit in favor

of plaintiff, whereupon the defendants, who had been in actual possession of the Gresham property ever since plaintiff had entered the Soldiers' Home at Roseburg, vacated the premises and plaintiff, having returned to Gresham, took possession thereof. Plaintiff's sister having died, plaintiff deeded the Gresham property to Mrs. Anna Gibbs in consideration that she care for him during the remainder of his life. January 7, 1925, plaintiff Weaver died, and January 13, 1925, the court announced its decision in favor of defendants in a letter to the attorneys for both parties. February 10, 1925, John Metzger was appointed administrator of the estate of David Weaver, deceased. He later filed his inventory in which he included said block 15 but did not include the Gresham property which had been conveyed to said Anna Gibbs. A decree was entered October 18, 1925, *nunc pro tunc,* as of and for January 5, 1925, the date on which said decree was actually rendered by the court. March 10, 1925, upon the advice of a friend, the said Anna Gibbs was induced to employ an attorney to protect her interests. Without consulting the attorney for said David Weaver and for the administrator of his estate, she employed an attorney who advised her to begin an action to recover $3,000, the alleged purchase price agreed to be paid by defendants for the property described in said deeds. Upon the representation that he was merely signing a document authorizing the said Anna Gibbs to institute an action, said John Metzger verified a complaint wherein he, as administrator, was plaintiff, to recover said $3,000 from the defendants in this suit. Based upon the transfer of the Gresham property to said Anna Gibbs and the institution of the action in the Circuit Court for Multnomah County to recover the alleged

purchase price of the real property, defendants moved to dismiss the appeal in the instant case. This motion was denied when it was first presented with permission of the defendants to renew the same when the case was argued on its merits. Defendants renewed that motion at the hearing and earnestly presented the same to the court.                        REVERSED.

For appellant there was a brief and oral argument by *Mr. W. J. Cooper.*

For respondents there was a brief and oral argument by *Mr. Leroy Lomax.*

COSHOW, J.—1. The motion will have to be denied. The suit did not abate by the death of the plaintiff David Weaver: Or. L., § 38; nor by the transfer of the property involved pending the trial of this suit: *Meyers* v. *Hot Lake Sanatorium Co.*, 82 Or. 587, 589 et seq. (161 Pac. 697).

Said Anna Gibbs had a right to have the suit prosecuted to final termination in the name of the plaintiff. Having taken the property while the suit was pending she would be bound by the decree. Again, only the Gresham property was conveyed to Anna Gibbs. Block 15 in said Des Moines Addition to Portland remained the property either of the estate of David Weaver, deceased, or of the defendant A. G. Guynup. The motion to dismiss the appeal is denied.

2. We have carefully considered the evidence and find the equities in favor of the plaintiff. The learned judge who presided at the trial seems to have considered the principle involved as one of undue influence only. Defendant A. G. Guynup was two years older than plaintiff David Weaver. It was the court's

impression, gathered from the testimony of plaintiff while a witness in his own behalf, that plaintiff was of sound mind and able to take care of his own affairs. We hold that the ground for equitable interference in this suit is not based upon undue influence but on deceit and fraud practiced by defendant A. G. Guynup on plaintiff at the time all of the different deeds were executed. In the first place, said Guynup induced plaintiff to execute a deed for the purpose of deceiving plaintiff's sister. Plaintiff and said Guynup were then warm personal friends and plaintiff apparently enjoyed the company of the defendant A. G. Guynup. The sister was opposed to Guynup's coming into the home but when she was shown the deed she could not well object to said Guynup occupying his own property. Guynup's purpose then, as expressed by him, was to deceive the sister. Plaintiff Weaver was induced to execute the deed for the sole purpose of getting Guynup a room in his home over the objection of his sister. The deed was not to be delivered to the grantee, and was in fact never delivered. Later, for the purpose of continuing the deception of said David Weaver, defendant Guynup induced him to correct the mistake in the description of the Gresham property, under the representation that it was necessary for said Guynup to have the title in order to effect a sale of the property. After said David Weaver had decided to enter the Soldiers' Home he wanted to sell the Gresham property. Guynup was very active in trying to find a purchaser. He represented to said Weaver that he might be arrested and imprisoned for selling property which did not belong to him. These facts were denied by defendant A. G. Guynup, but a careful consideration of the testimony convinces us that the statements above made are true. These facts

clearly warrant the inference that at the time A. G. Guynup was working upon said David Weaver to make the deeds he intended to claim the property and procure the same without consideration. No consideration was paid by said Guynup to Weaver at any time for the several deeds that were executed by David Weaver in his favor.

3. The law is well settled that one who procures the execution of a deed by misrepresentation with intent to deceive and defraud a person will be held a trustee *ex maleficio.*

"The fact that one person has obtained the property of another, under a form of purchase, without having paid any consideration therefor, and with a design of acquiring it for nothing, is fraud in itself. Misrepresentation and deception in such a case will be implied, as they are necessary concomitants of the act. It is unlike a case to set aside a deed for undue influence, where there is no positive element of fraud apparent from the intrinsic nature and subject of the transaction." *Archer* v. *Lapp,* 12 Or. 196, 202 (6 Pac. 672, 677) ; *Templeton* v. *Hollinshead,* 119 Or. 620, 624 (250 Pac. 747) ; *Parrish* v. *Parrish,* 33 Or. 486 (54 Pac. 352).

"Constructive trusts are held not within the statute because they rest in the end on the doctrine of estoppel, and the operation of an estoppel is never affected by the statute of frauds." 26 R. C. L. ·1233, § 79; Bogert on Trusts, § 36, cited in *Templeton* v. *Hollinshead,* above; 9 C. J. 1183, § 47.

The decree of the Circuit Court is reversed and one will be entered here annulling and canceling the conveyances from said David Weaver to defendants, requiring the defendants to transfer by special warranty deed, covenanting against encumbrances placed by defendants, and against claims under them or either of

them, the Gresham property to said Anna Gibbs, the successor in interest of the said David Weaver, transferring said Block 15 to the plaintiff, as administrator of the estate of said David Weaver, deceased, within thirty days from the date this decree is entered in the Circuit Court. Unless said conveyances are so executed and delivered, said decree shall stand in lieu of such deeds. Plaintiff will recover his costs and disbursements, both here and in the Circuit Court.

Reversed.

Rand, C. J., and McBride and Rossman, JJ., concur.

---

Rehearing denied June 5, 1928.

On Petition for Rehearing.

(267 Pac. 812.)

For the petition, *Mr. Leroy Lomax.*

*Contra, Mr. W. J. Cooper.*

COSHOW, J.—Defendants' petition for rehearing complains particularly because the more valuable tract of property was awarded to Anna Gibbs, who is not nominally a party to this suit. It does appear, however, from the record made here by defendants themselves, which is conceded by plaintiff, that after this suit was started Anna Gibbs became the purchaser of the tract of land awarded to her. That fact is in no way questioned in the petition for rehearing. The original opinion cites authority for the rule that as such purchaser pending the litigation she had the right to have the case conducted to termination for her benefit without substitution. There is no good reason advanced why the decree cannot directly award to her the property which she admittedly owns under the de-

cision instead of circuitously remanding the case with directions to have her substituted and then a decree rendered. The issues were not changed by her purchase of the property. She stepped into the shoes of her grantor. Defendants were in nowise injured by the purchase nor are they affected to any extent by the decree awarding the property to the real party in interest—the legal owner thereof. Defendants have no cause for complaint.

We are not concerned about the other action begun upon the advice of an attorney who is a stranger to this record. It appears from the record that the plaintiff Metzger, who was substituted for the original plaintiff David Weaver, was deceived and misled when he verified the complaint. That action can be disposed of in the light of the decision in the instant case. That case is not here for this court to act upon.

There is no merit in the other contentions advanced in the petition for rehearing.

The original opinion is adhered to.

REHEARING DENIED.

RAND, C. J., and McBRIDE and ROSSMAN, JJ., concur.